Kevin M. McGuire (California Bar No. 164895; themcguirelawfirm@yahoo.com)
The McGuire Law Firm
43460 Ridge Park Drive, Suite 200
Temecula, California 92590
Tel: (951) 719-8416
Fax: (949) 258-5807

Herman Law
(Pending application for *pro hac vice* admission)
3351 NW Boca Raton Boulevard
Boca Raton, Florida 33431
Jeff Herman (Florida Bar No. 521647; jherman@hermanlaw.com)
Stuart S. Mermelstein (Florida Bar No. 947245; smermelstein@hermanlaw.com)
Lee G. Cohen (Florida Bar No. 825670; lcohen@hermanlaw.com)

Attorneys for Plaintiff

CLERK
MAY - 7 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                               DEP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

LA CV14 03530-DDP (AJW(x))

John Doe No. 117,

    Plaintiff,

vs.

BRYAN SINGER and
GARY GODDARD,

    Defendants.

Case No.:

**COMPLAINT ALLEGING DAMAGES FOR:**

1. Violation of Alien Tort Claims Act, 28 U.S.C. U.S.C. §1350
2. Violations of 18 U.S.C. §§2251, 2423
3. Violation of California Penal Code § 288.4
4. Violation of California Civil Code §52.4

**DEMAND FOR JURY TRIAL**

BY FAX

Plaintiff, JOHN DOE No. 117, hereby sues Defendants BRYAN SINGER and GARY GODDARD, and states the following:

**INTRODUCTION**

Upon information and belief, Defendants BRYAN SINGER and GARY GODDARD sexually assaulted the child John Doe No. 117 in the United Kingdom. BRYAN SINGER and GARY GODDARD were motivated by their prurient interests and desire to recruit the child into

Complaint - 1

sexual liasons, using their prominence, positions and associations within the entertainment and film industry, and their knowledge of the child's career aspirations, as their devices to gain the trust of Plaintiff. They betrayed that trust, committing sexual assaults on Plaintiff.

## JURISDICTION VENUE AND PARTIES

1. Plaintiff, John Doe, is a citizen and resident of the United Kingdom. Plaintiff is identified in this lawsuit by the pseudonym JOHN DOE NO. 117 ("John" or "John Doe") in that this case involves facts of the utmost intimacy regarding Plaintiff's childhood sexual abuse, and Plaintiff fears further psychological injury if his name were publicly disclosed.[1]

2. Defendant, BRYAN SINGER, is a citizen and resident of the State of California and is *sui juris*.

3. Defendant, GARY GODDARD, is a citizen and resident of the State of California and is *sui juris*.

4. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Alternatively, this Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy exceeds $75,000.00, and this action is between citizens of the United States and a citizen of a foreign country.

6. A substantial part of the acts, communications, events, or omissions giving rise to Plaintiff's claims arose in and around Los Angeles County, California and the Defendants reside

---

[1] The reference to "No. 117" is strictly for internal organization at the office of plaintiff's counsel and should not be construed to mean that there have been 117 abuse victims of Defendants.

Complaint - 2

in the Central District of California. Venue is proper in the Central District of California pursuant to 28 U.S.C. §1391(b)(2), (c)(1).

## FACTUAL ALLEGATIONS

7. In or about 2003, Defendant GARY GODDARD, an adult male, contacted Plaintiff, John Doe, a minor who was 14 years of age, located in the United Kingdom, telling him that he had "good looks" and inquired whether he wanted to be an actor. Said contact was made via use of electronic social media.

8. Defendant GARY GODDARD further advised John Doe that he knew people in London and Hollywood who could help him in an acting career. He represented that one of the individuals he knew who could help John Doe was BRYAN SINGER.

9. Upon information and belief, GODDARD and SINGER conspired in California to identify minors in foreign countries for sex. They engaged in sexual acts with John Doe pursuant to this conspiracy,

10. When John Doe was 14 or 15 years old, GODDARD sent John Doe communications professing his love for John Doe, in order to groom John Doe to make him compliant with GODDARD's ultimate sexual demands.

11. When John Doe was 15 years old, GODDARD sent him a package containing Hershey chocolates in order to groom John Doe to make him compliant with GODDARD's ultimate sexual demands.

12. When John Doe was 15 years old, GODDARD convinced Plaintiff to do the following acts, which Plaintiff did: (i) send GODDARD nude photographs of himself; (ii) send GODDARD a video of John Doe masturbating; and (iii) participate in a web-cam session in which both John and GODDARD were nude and GODDARD was masturbating. During this

web-cam session, there was a knock at GODDARD's door and he quickly had to terminate the session. All of these acts were done using electronic media in foreign commerce.

13. When John Doe was 15 or 16 years old, GODDARD invited John Doe to visit him in London to discuss his career and see a show. GODDARD told John Doe to tell his parents that GODDARD was his mentor and helping him to develop an acting career.

14. After the show, GODDARD took John Doe to his hotel and tried to kiss him. John Doe resisted and told him he felt uncomfortable. GODDARD insisted, and GODDARD convinced John Doe to remove his clothes. GODDARD and John Doe lied in bed together naked and kissed.

15. When John Doe was 16 years old, GODDARD invited John Doe to London on another trip, where GODDARD plied John Doe with alcohol and GODDARD then engaged Plaintiff in anal intercourse.

16. On this trip when John Doe was 16 years old, GODDARD photographed John Doe. GODDARD complained that John Doe would not allow "even a bit of [his] bum" showing in the photograph.

17. Defendant GODDARD introduced the Plaintiff to Defendant BRYAN SINGER over the telephone while GODDARD and SINGER were together in California. Defendant GARY GODDARD attempted to convince the Plaintiff to travel to California to meet the Defendants, however the Plaintiff would not agree.

18. When John Doe was 17 years old, GODDARD contacted him and advised him that he and BRYAN SINGER were coming to London for an event and they wanted him to meet them there. GODDARD instructed John Doe to take a train to London, and that Warner Brothers would pay for his room and provide him tickets to the "Superman" movie premiere.

19. When John Doe arrived in London, BRYAN SINGER advised John that he was going to ride with him, and John Doe would escort him to the "Superman" premiere.

20. BRYAN SINGER took John Doe to the after-party, and put BRYAN SINGER's V.I.P. pass around John Doe's neck so he would have access. At that party, SINGER offered John Doe a Quaalude, which John Doe rejected. Thereafter, SINGER gave John Doe a drink which made John extremely intoxicated.

21. SINGER then invited John to the "after" after-party in his hotel suite. At the suite, SINGER and GODDARD brought John into the bedroom under the pretext of showing him "Superman" promotional memorabilia. Once in the bedroom, SINGER and GODDARD started grabbing John Doe in a sexual manner. John Doe told them to stop, and that this made him feel very uncomfortable. GODDARD then left the room and returned with a large, musclebound man. Immediately, the large man began to smack John Doe around, using physical violence, holding John while SINGER grabbed his buttocks. SINGER and the large man stripped John of his clothing. John pleaded for them to stop. GODDARD, who was then naked on the bed, instructed the large man to leave the room. SINGER grabbed John Doe's penis, kissed John on his waist and thighs, and then placed his mouth on John's penis. SINGER told John to fondle SINGER's penis, and John refused. SINGER then grabbed John's buttocks and attempted to insert his fingers into John's anus. SINGER then removed his boxer shorts and John said, "I do not want to do that." In response, SINGER said to John, "then just sit on top of me and [masturbate]; I want you to [ejaculate] on me." John Doe, believing that the only way for him to leave safely without being anally raped was to comply with SINGER's demands, sat on top of SINGER and masturbated, ejaculating on SINGER. During this conduct, SINGER attempted to penetrate John's anus with his penis.

22. The next morning, Defendant SINGER contacted the Plaintiff and apologized for "last night."

23. Plaintiff just only recently became cognizant that he has suffered psychological and emotional injuries, mental anguish and loss of enjoyment of life as a result of the Defendants' sexual acts. Such injuries are severe, continuing and permanent.

## COUNT I

### (Federal Claim For Travel to Foreign Country For Illicit Conduct With Minor and Transmission of Visual Depiction of Sexual Conduct of Minor) (Against Defendant GARY GODDARD)

24. Plaintiff, John Doe No. 117 repeats and realleges paragraphs 1 through 23 above as if fully set forth herein.

25. For purposes of U.S. law, the age of consent is 18 years old.

26. The age of consent in a foreign country is irrelevant for purposes of 18 U.S.C. §2423, under which the age of consent is 18 years of age.

27. An adult must not travel to a foreign country to have sex with a minor.

28. A dominant, significant and motivating reason for Defendant GODDARD, a United States citizen, to travel in foreign commerce was for the purpose of engaging in illicit sexual conduct with the Plaintiff.

29. Defendant GODDARD travelled in foreign commerce and engaged in illicit sexual conduct with the Plaintiff.

30. At all relevant times, Plaintiff was under the age of 18 years.

31. Defendant GODDARD's acts were in violation of 18 U.S.C. §2423(b), (c).

32. An adult may not request and receive nude photographs of a minor.

33. An adult must not request and receive videos of a minor masturbating.

34. An adult must not engage in sex chatting with a minor on the internet.

35. Defendant GODDARD employed, used, induced, enticed or coerced the Plaintiff to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct or for the purpose of transmitting a live visual depiction of sexual conduct.

36. Defendant GODDARD used, persuaded, induced, enticed or coerced the Plaintiff to engage in sexually explicit conduct outside the United States for the purpose of producing a visual depiction of such conduct.

37. Defendant GODDARD's acts were in violation of 18 U.S.C. §2251(a), (b).

38. Plaintiff has suffered personal injuries as a result of the foregoing violations and has the right to recover damages for such violations pursuant to 18 U.S.C. §2255.

39. The Plaintiff did not become aware of his injuries, nor was he able to make a causal connection between his injuries and the acts and conduct of Defendant GODDARD in violation of law until 2014. The nature of the harm caused by the sexual acts and statutory violations committed by GODDARD were subtle, imperceptible and pernicious. The Plaintiff for a period of years after the wrongs were committed was unaware that he had been affected by Defendant GODDARD's acts. He could not reasonably have been expected to know that he had been injured and that Defendant GODDARD had caused his injuries until 2014.

## COUNT II

**(Claim for Meeting With Minor to Engage in Lewd and Lascivious Behavior in Violation of California Law)**
**(Against Defendant GARY GODDARD)**

40. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 23 above.

41. An adult must not arrange to meet a minor for sex.

42. The age of consent under California law is 18 years of age.

43. The age of consent in a foreign country is irrelevant for purposes of the application of California law.

44. Defendant, GARY GODDARD, motivated by an unlawful or abnormal sexual interest in children, arranged to meet with Plaintiff in London when Plaintiff was approximately 16 and 17 years old. Defendant GODDARD made all or a substantial part of such arrangements with Plaintiff while in the State of California.

45. Defendant GARY GODDARD arranged to meet with the Plaintiff for the purpose of exposing his or Plaintiff's genitals or rectal area, and or engaging in lewd or lascivious behavior with the Plaintiff. Defendant GODDARD formed the intent to commit these acts against Plaintiff while in the State of California, and made the arrangements to meet Plaintiff with such intent.

46. Plaintiff was under the age of eighteen (18) years when Defendant GARY GODDARD committed these acts and he was thus an under-aged injured member of the public for whose benefit California Penal Code §288.4 was enacted, which thus authorizes this cause of action pursuant to California Civil Code §3523.

## COUNT III

### (Claim For Gender Violence in Violation of California Law)
### (Against Defendant GARY GODDARD)

47. Plaintiff repeats and realleges paragraphs 1 through 23 above.

48. An adult must not help someone else rape a minor.

49. As a result of the foregoing sexual acts and conduct, Plaintiff has been subjected to gender violence.

50. The acts of BRYAN SINGER in coercing and forcing Plaintiff to engage in sexual conduct were a physical intrusion or physical invasion of a sexual nature. Defendant GODDARD was present and aided and abetted SINGER, such that Plaintiff was forced by SINGER to engage in sexual acts.

51. Defendant GARY GODDARD is a responsible party for the gender violence to which Plaintiff was subjected.

## COUNT IV

### (Claim For Violation of the Law of Nations under the Alien Tort Statute, 28 U.S.C. §1350) (Against Defendant BRYAN SINGER)

52. Plaintiff, John Doe No. 117 repeats and realleges paragraphs 1 through 23 as set forth above.

53. An adult must not rape a minor in a foreign country.

54. The Alien Tort Statute, 28 U.S.C. §1350, provides a civil remedy and federal court jurisdiction for actions by an alien for a tort committed in violation of "the law of nations." Plaintiff John Doe is an alien citizen of the United Kingdom.

55. Sexual assault is universally a heinous, condemnable act. It is a violation of the law of nations.

56. The sexual assault of Plaintiff by Defendant BRYAN SINGER emanated from conduct that originated in the State of California, including the plan and scheme to entice, persuade, induce or coerce Plaintiff into sexual acts and communications in foreign commerce for said purpose.

57. Defendant SINGER violated the law of nations in engaging in sexual acts and conduct with Plaintiff using physical force.

## COUNT V

### (Federal Claim For Travel to Foreign Country For Illicit Conduct With Minor)
### (Against Defendant BRYAN SINGER)

58. Plaintiff, John Doe No. 117 repeats and realleges paragraphs 1 through 23 above as if fully set forth herein.

59. An adult must not travel to a foreign country to have sex with a minor.

60. An adult must not rape a minor in a foreign country.

61. A dominant, significant and motivating reason for Defendant SINGER, a United States citizen, to attend the "Superman" premiere in London was for the purpose of engaging in illicit sexual conduct with the Plaintiff.

62. Defendant SINGER travelled in foreign commerce and engaged in illicit sexual conduct with the Plaintiff.

63. At all relevant times, Plaintiff was under the age of 18 years.

64. Defendant SINGER's acts were in violation of 18 U.S.C. §2423(b) and (c). Plaintiff has suffered personal injuries as a result of the foregoing violations and has a right to recover damages for such violations pursuant to 18 U.S.C. §2255.

65. The Plaintiff did not become aware of his injuries, nor was he able to make a causal connection between his injuries and the acts and conduct of Defendant SINGER, in violation of law until 2014. The Plaintiff could not personally have been expected to know that he had been injured and that Defendant SINGER had caused his injuries until 2014. The nature of the harm caused by the sexual assault and statutory violations committed by SINGER were subtle, imperceptible and pernicious. The Plaintiff for a period of years after the wrong was committed was unaware that he had been affected by Defendant SINGER's acts. He could not

reasonably have been expected to know that he had been injured and that Defendant SINGER had caused his injuries until 2014.

### COUNT VI

### (Claim for Meeting With Minor to Engage in Lewd and Lascivious Behavior in Violation of California Law)
### (Against Defendant BRYAN SINGER)

66. Plaintiff repeats and realleges the allegations set forth in paragraph 1 through 23 above.

67. An adult must not arrange to meet a minor for sex.

68. Defendant, BRYAN SINGER, motivated by an unlawful or abnormal sexual interest in children, arranged to meet with Plaintiff in London when Plaintiff was approximately 17 years old. Defendant SINGER made all of a substantial part of such arrangements with Plaintiff while in the State of California.

69. The age of consent under California law is 18 years of age.

70. The age of consent in a foreign country is irrelevant for purposes of the application of California law.

71. Defendant BRYAN SINGER arranged to meet with the Plaintiff for the purpose of exposing his or Plaintiff's genitals or rectal area, and or engaging in lewd or lascivious behavior with the Plaintiff. Defendant Singer formed the intent to commit these acts against Plaintiff while in the State of California, and made the arrangements to meet Plaintiff with such intent.

72. Plaintiff was under the age of eighteen (18) years when Defendant BRYAN SINGER committed these acts and he was thus an under-aged injured member of the public for

whose benefit California Penal Code §288.4 was enacted which thus authorizes this cause of action pursuant to California Civil Code §3523.

## COUNT VII

**(Claim For Gender Violence in Violation of California Law)**
**(Against Defendant BRYAN SINGER)**

73. Plaintiff repeats and realleges paragraphs 1 through 23 above.

74. An adult must not rape a minor.

75. As a result of the foregoing sexual acts, Plaintiff has been subjected to gender violence.

76. The acts of Defendant BRYAN SINGER in coercing and forcing Plaintiff to engage in sexual conduct were a physical intrusion or physical invasion of a sexual nature.

77. Defendant BRYAN SINGER is a responsible party for the gender violence to which Plaintiff was subjected.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANT, AS TO THE CAUSES OF ACTION, AS FOLLOWS:**

1. General, special and consequential damages according to proof at time of trial;

2. Reasonable value of all medical expenses, medications, hospitalizations, therapy, counseling and other related expenses, according to proof at time of trial;

3. Loss of earning capacity, according to proof at time of trial;

4. For costs of the suit incurred herein;

5. For pre-judgment interest according to proof, pursuant to Civil Code §3291;

6. For statutory damages and attorney's fees pursuant to 18 U.S.C. §2255(a);

7. For attorney's fees and costs pursuant to California Civil Code §52.4(a);

8. For punitive and exemplary damages; and

9. Such other further relief this Court deems just and proper and/or is appropriate under law.

Dated: 5/3/14

By: _____
Kevin M. McGuire, Esq. (Cal. Bar No. 164895; themcguirelawfirm@yahoo.com)
The McGuire Law Firm
43460 Ridge Park Drive, Suite 200
Temecula, CA 92590

and

Herman Law
(pending admission *Pro Hac Vice*)
Jeffrey M. Herman, Esq. (Florida Bar No. 521647; jherman@hermanlaw.com)
Stuart S. Mermelstein, Esq. (Florida Bar No. 947245; smermelstein@hermanlaw.com)
Lee G. Cohen, Esq. (Florida Bar No. 825670; lcohen@hermanlaw.com)

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

### I. (a) PLAINTIFFS (Check box if you are representing yourself ☐)
JOHN DOE NO. 117

### DEFENDANTS (Check box if you are representing yourself ☐)
GARY GODDARD and BRYAN J. SINGER

### (b) County of Residence of First Listed Plaintiff: United Kingdom
(EXCEPT IN U.S. PLAINTIFF CASES)

### County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

### (c) Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Kevin M. McGuire (CA Bar#164895) 43460 Ridge Park Dr #200, Temecula, CA 92590, 951-7198416; Jeff Herman (FL Bar#521647), Dennis E. Siegel (FL Bar #258131), Lee Cohen (FL Bar#825670), 3351 NW Boca Raton Blvd., Boca Raton, FL 33431
3059312200

### Attorneys (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.

### II. BASIS OF JURISDICTION (Place an X in one box only.)
☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☒ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)
☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

### V. REQUESTED IN COMPLAINT: JURY DEMAND: ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
CLASS ACTION under F.R.Cv.P. 23: ☐ Yes ☐ No     ☐ MONEY DEMANDED IN COMPLAINT: $

### VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332

### VII. NATURE OF SUIT (Place an X in one box only).

☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**PRISONER PETITIONS**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

FOR OFFICE USE ONLY:   Case Number: LA CV14 03530
CV-71 (11/13)                                          CIVIL COVER SHEET                                Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? <br> ☐ Yes  ☒ No <br> If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? <br> ☐ Yes  ☒ No <br> If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of defendants reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _[signature]_   DATE: 5/3/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |