
WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN law corporation
PAUL E. GASPARI, ESQ., State Bar #76496
pgaspari@weintraub.com
DANIEL C. ZAMORA, ESQ., State Bar #224375
dzamora@weintraub.com
SHAUNA N. CORREIA, State Bar # 232410
scorreia@weintraub.com
475 Sansome Street, Suite 1800
San Francisco, CA  94111-3211
Telephone:   (415) 433-1400
Facsimile:    (415) 433-3883

Attorneys for Defendant GARY GODDARD

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOHN DOE NO. 117,

    Plaintiff,

vs.

BRYAN SINGER AND GARY GODDARD,

    Defendants.

**CASE NO. 2:14-cv-03530-DDP-AJW**

**DEFENDANT GARY GODDARD'S MEMORANDUM IN OPPOSITION TO APPLICATION FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JEFFREY M. HERMAN AND LEE G. COHEN**

Complaint Filed:  May 7, 2014

Defendant Gary Goddard objects to the application for admission *pro hac vice* of the Herman Law firm and its attorneys Jeff Herman and Lee G. Cohen, based on the evidence of the bad moral character and prior sanctioned misconduct of Herman and Herman Law attorney Stuart S. Mermelstein, as well as the Herman firm's history of abuse of the *pro hac vice* mechanism, and files this memorandum in opposition.

Admission *pro hac vice* to the Central District Court of California is discretionary and may be denied where admission may impede the "ethical and orderly administration of justice." See *United States v. Ries*, 100 F.3d 1469, 1471

(9th Cir. 2006).

Defendant files this opposition to the Application for Admission of Herman Law attorney Jeff Herman to alert the Court to the record of sanctioned misconduct by Mr. Herman and his firm – including suspension from the Florida Bar, and on separate grounds, sanction and permanent banishment from a District of Oregon court, demonstrating a pattern and practice of flagrant disregard for the authority of the Courts, and abuse of the *pro hac vice* application mechanism.  Defendant further objects to the admission of Lee G. Cohen since Herman routinely has his associates apply *pro hac vice* to avoid disclosing the frequency with which Herman actually appears before the various federal district and state courts where he is not licensed to practice.  Herman, who is admitted to practice only in Florida, boasts that he has a "national practice" on his website.  Evidently, Herman Law plans to litigate in California so routinely that they had an associate, Arick Fudali, take the California bar exam (admitted May 2014).  This is another reason Jeff Herman should not be admitted *pro hac vice*; a California lawyer from his firm is available to make all appearances.

Herman routinely abuses the *pro hac vice* privilege by using it as a means to circumvent the need to take and pass bar exams in other states, and seeks here to practice in California without complying with California's stringent bar membership requirements.

Accordingly, this Court should exercise its discretion in denying admission to attorneys who abuse the *pro hac vice* admission privilege and disregard ethical rules.

**1. Admission *Pro hac vice* is Discretionary**

Admission to the Central District of California *pro hac vice* is subject to the "discretion of the assigned judge in each case."  LR 83-2.1.3.3.  "Absent some constitutional restriction, it should properly rest within the discretion of any court to determine who should be admitted to practice before it and in what circumstances."

*Munoz v. Hauk*, 439 F.2d 1176, 1179 (9th Cir. 1971); see also, *Gallo v. United States Dist. Court for the Dist. of Ariz.*, 349 F.3d 1169, 1185 (9th Cir. 2003) ("the decision to grant *pro hac vice* status is discretionary."). "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *White v. Experian Info. Solutions*, 2014 U.S. Dist. LEXIS 61433, 33 (C.D. Cal. May 1, 2014), *citing People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc*. (1999) 20 Cal.4th 1135, 1145.

### 2. Local Rule 83-2.1.3.1 Requires Attorneys to be "of Good Moral Character" as a Prerequisite to Admission.

Local Rule 83-2.1.3.1 gives the court discretion to admit attorneys who are active members in good standing in any State, and who are "of good moral character." The Application of Non-Resident Attorney to Appear in a Specific Case *Pro Hac Vice* requires the applicant to state, under penalty of perjury, "I am not currently suspended from and have never been disbarred from practice in any court." See, Form G-64, Section II – Certification. The application does not require the applicant to disclose prior suspensions or serious sanction short of disbarment, however, which may inform the Court as to the applicant's good moral character or lack thereof.

Permitting the Herman firm to be admitted to represent plaintiff in this civil suit would "burden the court with counsel … unwilling to abide by court rules and ethical guidelines." *United States v. Walters* (9th Cir. 2002) 309 F.3d 589, 592. Indeed, the Herman firm has already disregarded the Court's local rules and attempted to e-file the complaint once before; the case was ordered closed for deficiencies. *See*, Declaration of Daniel C. Zamora ("Zamora Decl."), Exh. A, Case No. 2:14-cv-03445 (Dkt. No. 2.)

Since refiling this case, the Herman firm lawyers have flagrantly disregarded the Court's minute orders on May 9, 2014 to "immediately" return the Application for admission *pro hac vice* and filing fee. The Herman lawyers have already "been

removed as counsel of record from this case for failure to submit this filing fee." See, Dkt. Nos. 7, 8, and 9, in the Court's file herein.  Tardiness in filing pro hac vice applications and failure to file proper applications, coupled with other evidence of bad character such as making misleading statements in applications, have been upheld as legitimate reasons for denying pro hac vice admission. *Idaho Sporting Cong., Inc. v Alexander*, 23 F. App'x 713, 714 (9th Cir. 2001).  Such factors weigh against admission in this case.

    Critically, this Court should be aware that both Herman and Herman Law attorneys have a history of flagrant disregard of court orders and "credibility" problems.

    In 2009, Herman was suspended by the Florida Bar for eighteen months and found guilty of knowing violations of ethical rules, including Herman's knowledge that he was in direct competition with a client, there was a conflict of interest, and failed to disclose the conflict of interest to the client. *Fla. Bar v. Herman*, 8 So. 3d 1100, 1102 (Fla. 2009).   The Referee, in recommending suspension, found that "aggravating factors" supported such the severe punishment: "dishonest or selfish motive; … refusal to acknowledge wrongful nature of conduct; and actual harm to client."  See, Zamora Decl. at Exh. B, p. 30.  The Florida Supreme Court confirmed findings that Herman's conduct was dishonest and deceitful. *Fla. Bar v. Herman*, at 1102.

    Notably, Herman downplayed the suspension as a mere "conflict of interest" issue when he filed an application for admission *pro hac vice* to the District of Hawaii last year, in the case *John Doe No. 87 v. Diocese of Bismarck, et al*. (1:11-cv-00595-JMS-KSC).  *See*, Zamora Decl., Exh. C (Dkt. No. 108, 108-3).   In reality, however, the Florida Supreme Court had found that conflict to be an "inherent, direct conflict" by starting a company that directly competed with his client, and that "Herman's failure to call [his client] Titus and inform him of his activities was dishonest and deceitful." *Fl. Bar v. Herman*, *supra*, 8 So. 3d. at 1105, 1106.  His

conduct was so reprehensible that the Florida State Bar, in fact, pushed to have Herman disbarred. *See*, Zamora Decl. at Exh. B, p. 31. Herman's cavalier description to another District Court of a simple "conflict of interest" is inconsistent with the serious nature of the findings against him by the Supreme Court of Florida, showing his dishonesty, continuing failure to acknowledge the wrongful nature of his conduct, and lack of good moral character.

In a published opinion, the Ninth Circuit upheld the District of Oregon's sanctions of Herman and Mermelstein, including explicit findings of bad faith and barring them from *pro hac vice* admission in Judge Malcolm F. Marsh's court ever again. *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112 (2000). In *Carnival Air Lines*, Herman and Mermelstein represented the defendant. The plaintiff in that case sued to recover its airplane and engine from defendant. Plaintiff sought, and was granted, a TRO, and posted a bond immediately. Herman had appeared at the TRO hearing, where the judge stated four separate times that the TRO was granted and immediately effective. *Id.* at 1114. Nonetheless, the defendant violated the TRO by flying the plane over the next several days and failed to return the engine as ordered. *Id.*

Herman and Mermelstein were ordered to appear at plaintiff's contempt motion hearing, where Herman represented that he "misunderstood" when the TRO was effective (but local counsel admitted he knew the TRO was immediately effective). The judge stated, "Now Mr. Herman…we are having a little credibility problem here." *Id.* at 1115, N. 6. Defendant still did not comply with the TRO, and Herman continued assuring the court he was "trying" to get his client to comply. *Id.* at 1115. Defendant was found in contempt; Herman and Mermelstein were then specifically ordered to appear personally at a show cause hearing; Herman, in flagrant disregard of the Court's order, failed to appear. *Id*. at 1116. Defendant still had not complied with the TRO, and was using the airplane to fly revenue passengers around the country and internationally. *Id*. at 1116. The Court held

Mermelstein in contempt, disqualified him from appearing in court, and permanently banned Herman and Mermelstein from *pro hac vice* admission to the District of Oregon. *Id.* It was also uncovered that Herman had endorsed his client's violation of the TRO – "Herman admitted having advised Carnival it could continue to fly the planes." *Id.* at 1116. Further, Mermelstein falsely represented to the Court that compliance with the TRO was an "impossibility." *Id.* at 1116. Both failed to disclose to the court in litigation in the state of Florida, of the pending litigation in the District of Oregon. Based on the foregoing, the Court concluded that Herman and Mermelstein's "'frivolous arguments and misrepresentations' were more than mere technical violations – they had interfered with the Court's ability to maintain effective control over court processes." *Id.*

The Ninth Circuit found that the District Court did not err in sanctioning Herman and Mermelstein, since their "knowing or reckless conduct" met the standard for a finding of bad faith. *Id.* at 1118.

Attorneys with this history of flagrant abuse of court process, disregard of court orders, misrepresentations and deceitful conduct lack the requisite good moral character to be granted the privilege of *pro hac vice* admission before this Court.

### 3. Herman and Cohen Should be Disqualified under Local Rule 83-2.1.3.2 Because they Regularly Appear *Pro Hac Vice* in California

An attorney is not eligible for permission to practice *pro hac vice* in this District if he or she "is regularly engaged in business, professional, or other similar related activities in California." L.R. 83-2.1.3.3.2(c). This rule is consistent with the plain meaning of "*pro hac vice*." The U.S. Supreme Court has described *pro hac vice* attorneys as "[o]ne-time or occasional practitioners...." *Frazier v. Heebe*, 482 U.S. 641, 647 (1987); *In re Reza*, 138 B.R. 190, 191 (S.D. Ohio 1992) ("[A]dmission *pro hac vice* is temporary and limited in character and is not intended to be requested by a practitioner on a frequent basis.... Repeated requests for *pro hac*

*vice* admittance before this Court by a practitioner who chooses not to take [the bar] examination will not be granted.").

Herman Law touts itself as a "national" firm despite having only four lawyers on staff in their single Boca Raton, Florida office. Herman Law attorney Arick W. Fudali took and passed the California bar in May 2014, and has appeared in this action as counsel for Plaintiff. (See Dkt. No. 12, Notice of Appearance by Arick W. Fudali.) See, Zamora Decl. at Exh. D[1]. Herman boasts on his website, "Our firm has a national practice … we remain the lead attorneys on your case even if we are not licensed to practice in a certain state." *Id*.

Consistent with the representations on their website, Jeff Herman is lead counsel at Herman Law and he is regularly engaged in professional practice in California. Jeffrey Herman and an associate, Dennis Siegel, filed a Complaint in 2013 in *Megan Chereek v. James "Jimmy" Sommers and Wildfox Couture, LLC* (CV13-6322). See, Zamora Decl., Exhibit E (Dkt. No. 1). Also, Herman and associate Arick W. Fudali were admitted *pro hac vice* in 2012, in *Jane Doe 14 v. Internet Brands, Inc*. in this district (2:12-cv-03626-JFW-PJW). Interestingly, in the *Jane Doe 14* case, Herman's Application for admission was incomplete – it did not list the Florida State Bar as one of the courts in which he had been admitted to practice. See, Zamora Decl., Exhibit F (Dkt. No. 15). However, only Herman's associate Dennis Siegel sought admission *pro hac vice* in that matter – likely to avoid the appearance that Herman practices so regularly in California.

Herman and Herman Law attorney Mermelstein have also been admitted *pro hac vice* – or appeared as counsel of record without applying for admission – in the Northern District of California on numerous occasions. Herman was admitted *pro hac vice* in 1992 (5:92-cv-20150-JW) and again in 1995 (5:95-cv-20633). See, Correia Decl., Exh. G and H. Herman and Mermelstein were attorneys of record in

---

[1] www.hermanlaw.com/national-practice

{SF031464.DOC;} 7

**DEFENDANT GARY GODDARD'S MEMORANDUM IN OPPOSITION TO APPLICATION FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JEFFREY M. HERMAN AND LEO G.COHEN**

four cases filed in 2000-2001, but only applied for *pro hac vice* admission in two of them. See, Exhibit I to Zamora Decl; see also, Case nos. 3:00-cv-02873-MJJ (Dkt. Nos. 3 and 4); 3:00-cv-03026-MJJ (Dkt. Nos. 25 and 2); 3:01-cv-00392-MJJ (no *pro hac vice* applications filed); and 3:00-cv-04727-MJJ (no *pro hac vice* applications filed).

In Case No. 3:01-cv-00392-MJJ, Plaintiff's local counsel, Jeffrey Feldman, filed a motion to withdraw as local counsel, which was granted.[2] See, Zamora Decl., Exh. J (Dkt. Nos. 87, 88, 103).

More recently, Herman Law has widely publicized the Egan case in hopes of attracting additional plaintiffs to file yet more cases in California.[3] Jeffrey Herman has "promised that more suits are coming". (*See*, Zamora Decl., Exhibit K, May 5, 2013 Variety.com article "*Lawyer Who Sued Bryan Singer: More Sexual Abuse Suits Coming*"[4].) Indeed, Herman told the press that the plaintiff in the instant case was "inspired by Mike Egan last week" – another of Herman's clients who filed suit in Hawaii District Court in April. (See, Zamora Decl., Exhibit L, May 5, 2014, The Hollywood Reporter article, "*Lawyer for New Bryan Singer Accuser Shows Photos, Says He Has Physical Evidence*"[5].) Now that Arick Fudali has taken and passed the California bar, he should be the only lawyer at Herman Law to appear in this action.

If the Herman firm intends to "keep the lawsuits coming" in California, as Jeffrey Herman boasted it will, <u>all</u> of its attorneys seeking to practice here should be subject to the stringent requirements of the California bar exam including its moral

---

[2] Due to the age of the case, the documents were unavailable to view on the Court's online docket system.

[3] Currently, Herman and his firm have filed four lawsuits in the Central District on behalf of Egan, Case Nos. 2:14-CV-04403-RGK-JEM, 2:15-cv-04839RGK-JEM, 2:14-cv-04840-RGK-LEM and 2:14-cv-04841-RGK-JEM. Not surprisingly, Mr. Herman is also seeking to appear pro hac vice in those cases.

[4] http://variety.com/2014/film/news/bryan-singer-jeff-herman-sex-abuse-1201172405/#

[5] http://www.hollywoodreporter.com/news/lawyer-new-bryan-singer-accuser-701413

1  character application.

2      For all of the foregoing reasons, this Court should deny Herman Law and its
3  attorneys from admission *pro hac vice*.

4  Dated: July 17, 2014           WEINTRAUB TOBIN CHEDIAK
                                      COLEMAN GRODIN law corporation

5

6                                By: **/s/ Daniel C. Zamora**
                                      Daniel C. Zamora, Esq.
7                                        Attorneys for
8                                        Defendant GARY GODDARD

{SF031464.DOC;}     9

**DEFENDANT GARY GODDARD'S MEMORANDUM IN OPPOSITION TO APPLICATION FOR ADMISSION *PRO HAC VICE* OF ATTORNEY JEFFREY M. HERMAN AND LEO G.COHEN**