Kevin M. McGuire, Esq., California Bar No. 164895
themcguirelawfirm@yahoo.com
43460 Ridge Park Drive, Suite 200
Temecula, California 92590
Telephone:  (951) 719-8416
Facsimile: (949) 258-5807

Herman Law
Arick W. Fudali, California Bar No. 296364
afudali@hermanlaw.com
3351 NW Boca Raton Boulevard
Boca Raton, Florida 33431
Jeff Herman, Esq., Florida Bar No. 521647
jherman@hermanlaw.com
(Pending application for *pro hac vice* admission)
Lee G. Cohen, Esq., Florida Bar No. 825670
lcohen@hermanlaw.com
(Pending application for *pro hac vice* admission)

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN DOE No. 117 | ) | CASE #2:14-cv-03530-DDP-AJW |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF JOHN DOE No. 117'S** |
| | ) | **MEMORANDUM OF POINTS AND** |
| vs, | ) | **AUTHORITIES IN OPPOSITION TO** |
| | ) | **DEFENDANT GARY GODDARD'S** |
| GARY GODDARD | ) | **MOTION TO DISMISS** |
| AND BRYAN SINGER | ) | |
| | ) | Hearing Date: August 18, 2014 |
| | ) | Time:  10:00 a.m. |
| Defendants. | ) | Place: Courtroom 3 |
| _____ | ) | The Honorable Dean D. Pregersen |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................................................... ii

INTRODUCTION ................................................................................1

FACTS ALLEGED IN THE COMPLAINT.......................................2

ARGUMENT .......................................................................................3

  I. DEFENDANT GODDARD HAS NOT MET HIS BURDEN TO DEMONSTRATE THAT THE COMPLAINT FAILS TO STATE A CLAIM UNDER FED.R.CIV.P. 12(b)(6)............................................................3

  II. PLAINTIFF STATES A FEDERAL CLAIM IN COUNT I FOR DAMAGES UNDER 18 U.S.C. §2255...................................................4

    A.  Section 2251 Provides a Predicate for the Civil Remedy Under §2255, and John Doe was 15 Years Old When This Predicate Criminal Violation Occurred .......................................................7

    B.  Section 2423(b), (c) Also Provides a Predicate for the Civil Remedy Provided in 18 U.S.C. §2255 ..................................................8

      1.  The Age of Consent Under 18 U.S.C. §2423 is 18, not 16 ......................   8

      2. Plaintiff Sufficiently Alleges the Requisite Intent Under 18 U.S.C. §2423  10

  III.PLAINTIFF STATES A CLAIM FOR RELIEF UNDER CALIFORNIA LAW IN COUNT II...........................................................12

    A. California Penal Code §288.4 Serves As A Basis For A Civil Remedy ........12

    B. Plaintiff's Claim Under California Law Has Extraterritorial Application.........14

    C.  The Borrowing Statute, Cal. Civ. Proc. §361, Does Not Apply To Plaintiff's California Statutory Claim.........................................17

    D.  California's Choice of Law, Governmental Interest Test, Does Not Indicate That England's Statute Of Limitations Should Apply.....................20

  IV.FILING OF COMPLAINT USING FICTITIOUS NAME JOHN DOE 117 IS NECESSARY TO PROTECT PLAINTIFF FROM HARASSMENT, INJURY, RIDICULE AND PERSONAL EMBARRASSMENT .....................25

CONCLUSION ..................................................................................27

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

# TABLE OF AUTHORITIES

## Cases

*American-Arab Anti-Discrimination Comm. v. Ridge*, 2003 U.S. Dist. LEXIS 25100 (C.D. Cal. 2003)................................................................................26

*Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 44 Cal. Rptr. 2d 197 (Cal. App. 4th Dist. 1995) ......................................................................12, 13, 14

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009) .................................................4

*Davis v. Shiley, Inc.*, 64 Cal. App. 4th 1257, 75 Cal. Rptr. 2d 826 (1998) ................19

*Delfosse v. C.A.C.O., Inc. – Federal*, 218 Cal. App. 3d 683, 691, 267 Cal. Rptr. 224 (1990) ....................................................................................18

*Diamond Multimedia Systems, Inc., v. Superior Court*, 19 Cal. 4th 1036, 80 Cal.Rptr. 2d 828 (1999) .......................................................................16

*Doe v. City of Los Angeles*, 42 Cal. 4th 531. 3d 545, 67 Cal. Rptr. 330 (2007) .........24

*Doe v. Kuo Huei Lee*, 2014 U.S. Dist. LEXIS 20686 (N.D. Cal. 2014) ........................26

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000)................26

*EEOC v. Arabian America Oil Co*, 499 U.S. 244, 111 S.Ct. 1227 (1991)..................16

*Hageseth v. Superior Court*, 150 Cal. App. 4th 1399, 59 Cal. Rptr. 3d 385 (2007) ......15

*John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Or. 2008).............26

*Kearney v. Solomon Smith Barney, Inc.*, 39 Cal. 4th 95, 45 Cal. Rptr. 3d 730 (2006) ...................................................................................20, 24

*McCann v. Foster Wheeler, LLC*, 48 Cal. 4th 68, 105 Cal. Rptr. 3d 378 (2010)........20

*Mesfund v. Hagos*, 2005 U.S. Dist. LEXIS 47682 (C.D. Cal. 2005) ...........................13

*Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 205 Cal. Rptr. 312 (Cal. App. 2d Dist 1984) ....................................................................................12, 13

*North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1 (1916)....................................16, 17

*People v. Betts*, 34 Cal. 4th 1039, 23 Cal. Rptr. 3d 138 (2005) ...................................15

*People v. Renteria*, 165 Cal. App. 4th 1108, 83 Cal.Rptr. 3d 11 (2008)......................16

ii

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

*Rash v. Bomatic, Inc.*, 2005 Cal. App. Unpub. LEXIS 1974 (Cal. App. 4th Dist. 2005)........................................................................................................18

*Rodriguez v. Mahoney*, 2012 U.S. DIST. LEXIS 49202 (C.D. Cal. 2012) ...............19

*United States v. Curtin*, 489 F.3d 935, (9th Cir. 2007)...................................9

*United States v. DOE*, 655 F.2d 920 (9th Cir. 1981) .....................................26

*United States v. Kelly*, 2000 WL 433093 (D. Kan. 2000) ...............................9

*United States v. Kimberly*, 2005 WL 1244977 (E.D. Ky. 2005) ...........................8, 9

*United States v. Stokes*, 2010 U.S. Dist. LEXIS 45366 (N.D. Ill. 2010)...............9, 10

*United States v. Vang*, 123 F.3d 1065 (7th Cir. 1997)....................................9

*Young v. City of Visalia*, 687 F.Supp. 2d 1141 (E.D. Cal. 2009) ...........................3, 4

## **Statutes**

18 U.S.C. §2251 .....................................................................5, 6, 7, 8

18 U.S.C. §2255 .....................................................................4, 5, 7, 8

18 U.S.C. §2423 ...................................................................... passim

18 U.S.C.S. §2241(c) ....................................................................8

2006 Cal SB 1128 .......................................................................14

Cal. Civ. Code §361 ....................................................................17

Cal. Civil Code §340.1 ..................................................................24

Cal. Civil Code §3523 ...................................................................12

Cal. Penal Code §261.5 ..................................................................13

Cal. Penal Code §288.4 ..............................................................12, 22

Cal. Penal Code §778a ..................................................................14

Stats. 2006, ch. 337, §2(a)..............................................................23

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

**INTRODUCTION**

Plaintiff John Doe No. 117 ("Plaintiff" or "John Doe") brings claims in this action for child sexual exploitation and abuse against Defendant Goddard.  The Complaint alleges that Defendant Godard, an adult male, contacted John Doe via social media when John was 14 years old, and began grooming him for illicit sexual conduct using his connections in the entertainment industry as a lure.  Although John Doe lives in England, Defendant Goddard arranged meetings in London with John Doe beginning when he was 15-16 years old.  Goddard's acts and conduct in grooming John Doe, having him transmit visual depictions through the internet, and arranging to meet him to engage in sexual wrongs, were done from Goddard's home in California.  In Counts I and II of the Complaint,[1] Plaintiff brings claims against Defendant Goddard under federal and state law, respectively, alleging violations of statutes intended to deter child sexual predators and to hold them accountable to their victims.

As discussed below, given the nature of the federal and state claims alleged, as well as Goddard's acts and conduct occurring from the State of California, there is no

---

[1] After further reflection and consideration, Plaintiff has withdrawn his claim for relief against Goddard set forth in Count III at the Complaint, for Gender Violence under Cal. Civil Code §52.4.  Accordingly, this Memorandum is addressed to Defendant's arguments for dismissal of Counts I and II of the Complaint.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

basis to apply foreign law or to deny John Doe a remedy based on the statutory violations alleged. The Motion to Dismiss should therefore be denied.[2]

## FACTS ALLEGED IN THE COMPLAINT

The Complaint alleges that Defendant Gary Goddard is an adult sexual predator who seeks out and grooms minors in foreign countries for sex. (Complaint ¶ 9). With this intent, he contacted Plaintiff John Doe, who lives in England, through social media beginning when John was 14 years old. (*Id.* ¶ 7). This contact was initiated in the State of California, where Defendant Goddard is a citizen and resident. (*Id.* ¶ 3).

Goddard groomed John Doe for sex by telling him he had "good looks" and informing him he knew people in the entertainment industry who could help him with an acting career. (*Id.* ¶ 8). His grooming included such things as professing his love for John Doe and sending him a package of chocolates, which Goddard did from the State of California. (*Id.* ¶¶ 10, 11). When John Doe was 15 years old, Goddard engaged John in sexual activities through photographs, video and web cam:

> 12. When John Doe was 15 years old, GODDARD convinced Plaintiff to do the following acts, which Plaintiff did: (i) send GODDARD nude photographs of himself; (ii) send GODDARD a video of John Doe masturbating; and (iii) participate in a web-cam session in which both John and GODDARD were nude and GODDARD was

---

[2] This Memorandum also addresses Defendant Goddard's challenge to Plaintiff proceeding in this action anonymously, and sets forth grounds for him to do so.

masturbating. . . . All of these acts were done using electronic media in foreign commerce.

(*Id*. ¶ 12).

When John Doe was 15 or 16 years old, Goddard traveled to London to meet with him. (*Id*. ¶ 13). On that trip, Goddard laid together with John in bed and they kissed. (*Id*. ¶ 14). Then when John was 16 years old, Goddard again traveled to London to meet John:

> When John Doe was 16 years old, GODDARD invited John Doe to London on another trip, where GODDARD plied John Doe with alcohol and GODDARD then engaged Plaintiff in anal intercourse.

(*Id*. ¶ 15). Goddard made another trip to London with John was 17 years old which involved sexual activity. (*Id*. ¶ 21).

## **ARGUMENT**

## **I.    DEFENDANT GODDARD HAS NOT MET HIS BURDEN TO DEMONSTRATE THAT THE COMPLAINT FAILS TO STATE A CLAIM UNDER FED.R.CIV.P. 12(b)(6)**

It is well established that, in reviewing a complaint under Fed.R.Civ.P. 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Young v. City of Visalia*, 687 F.Supp. 2d 1141, 1145 (E.D. Cal. 2009). "The Court must also assume that general allegations embrace the necessary, specific facts to support the claim." *Id*. The Court need not accept conclusory allegations or legal conclusions pled in the complaint. *Ashcroft v.*

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009). The plaintiff needs to allege facts, accepted as true, that are sufficient "to state a claim to relief that is plausible on its face." *Id*. at 1949. In this regard,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.*

Plaintiff has pled statutory claims against Defendant Goddard under federal and state law that are directed at child sexual predators.[3] The Complaint contains specific factual content that satisfies the elements of the legal claims alleged in Counts I and II of the Complaint. There is no basis to apply foreign law to these claims. Accordingly, Defendant Goddard's Motion to Dismiss as to Counts I and II should be denied.

## II. PLAINTIFF STATES A FEDERAL CLAIM IN COUNT I FOR DAMAGES UNDER 18 U.S.C. §2255

Section 2255(a) of Title 18, United States Code, provides a civil remedy for violation of enumerated criminal statutes addressing sexual exploitation and abuse of a minor:

---

[3] Defendant Goddard makes reference in his Motion to Dismiss to a "widely publicized press conference by another plaintiff. . ." in an attempt to assail the credibility of Plaintiff's allegations in the Complaint. (Motion, p. 1). This incendiary statement, which falls well outside the scope of the Motion to Dismiss, is starkly unprofessional and highly inappropriate.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

> Any person who, while a minor, was a victim of a violation of section . . . 2251 . . . or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. §2255(a).[4]   Count I of the Complaint is premised on the following predicate criminal statutes for the cause of action under §2255:  18 U.S.C. §2423(b) and (c), and 18 U.S.C. §2251(a) and (c).[5]  These statutes provide alternative grounds for the civil remedy provided under §2255.

Section 2423 addresses travel in foreign commerce to engage in illicit sexual conduct[6] with a minor:

> (b)   **Travel with intent to engage in illicit sexual conduct.** A person who travels in interstate commerce or, . . . a United States citizen . . . who travels in foreign commerce, for the purpose of engaging in any illicit sexual

---

[4] The current version of 18 U.S.C. §2255 is quoted herein.  The statute was amended in 2006 and 2013, but these amendments are not material to the issues raised in Defendant Goddard's Motion to Dismiss.

[5] The Complaint alleges the elements of 18 U.S.C. §2251(a) and (c), but due to scrivener's error, makes express reference in paragraph 37 to "18 U.S.C. §2255(a), (b)", instead of "18 U.S.C. §2251(a), (c)".  To the extent deemed necessary, Plaintiff requests leave to amend by interlineation to substitute "18 U.S.C. §2251(a), (c)" for "18 U.S.C. §2255(a), (b)" in paragraph 37 of the Complaint.

[6] "Illicit sexual conduct" is defined in 18 U.S.C. §2423(f), and Defendant Goddard does not dispute that the Complaint alleges such conduct.  (*See* Complaint ¶ 15).

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

(c)   **Engaging in illicit sexual conduct in foreign places.**  Any United States citizen . . . who travels in foreign commerce . . . and engages in any illicit sexual conduct with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. §2423(b), (c).  Section 2251 addresses the producing of a visual depiction

of a minor engaging in sexually explicit conduct using any means or facility of

foreign commerce, such as the internet:

(a)   Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (3) if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce . . .

(c)   (1)   Any person who in a circumstances described in paragraph (2), employs, uses, persuades, induces, entices, or coerces any minor to engage in, . . . any other person to engage in, any sexually explicit conduct outside the United States, its territories or possessions, for the purpose of producing any visual depiction of such conduct, shall be punished as provided under subsection (3).

(2)   The circumstance referred to in paragraph (1) is that –

(A)  the person intends such visual depiction to be transported to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail; or

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

(B) the person transports such visual depiction to the United States, its territories or possessions, by any means, including by using any means or facility of interstate or foreign commerce or mail.

Count I of the Complaint alleges that Goddard travelled to London to engage in illicit sexual conduct with John Doe, and did so engage in such conduct in London, in violation of 18 U.S.C. §2243(b), (c).  Count I also alleges that Goddard employed, used, induced, enticed or coerced John Doe into sexually explicit conduct for the purpose of transmitting a visual depiction of such conduct, which is based on the allegations of fact set forth in paragraph 15 of the Complaint relating to photographs, video and a web cam session occurring when John Doe was 15 years old.  (*See* Complaint ¶¶ 12, 35, 36).

## A.  Section 2251 Provides a Predicate for the Civil Remedy Under §2255, and John Doe was 15 Years Old When This Predicate Criminal Violation Occurred

Defendant Goddard makes much in his Motion to Dismiss of the allegation that his physical sexual contact with John Doe began when John was 16 years old, which is the age of consent in England, ignoring entirely Goddard's conduct in having visual depictions of John Doe engaging in sexually explicit conduct transmitted to him when John was only 15 years old.  Goddard is thus alleged in Count I to have committed the federal criminal acts set forth in 18 U.S.C. §§2251(a), (c), for which a civil remedy is provided in 18 U.S.C. §2255.  While not expressly acknowledged by

7

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

Defendant Goddard, he seeks only *partial* dismissal of the Complaint because he does not address or challenge Count I to the extent it is predicated on a violation of 18 U.S.C. §2251.

### B.  Section 2423(b), (c) Also Provides a Predicate for the Civil Remedy Provided in 18 U.S.C. §2255

### 1.  The Age of Consent Under 18 U.S.C. §2423 is 18, not 16

Subsection (f) of §2423 expressly addresses the age of consent as "under 18 years of age."  The Statute, however, also cross-references Chapter 109A of title 18 in the definition of "illicit sexual conduct":

> (f) Definition.  As used in this section, the term "illicit sexual conduct" means (1) a sexual act as defined in section 2246 [18 USCS §2246] *with a person under 18 years of age* that would be in violation of chapter 109A [18 USCS §§2241] if the sexual act occurred in the special maritime and territorial jurisdiction of the United States. . ..

(Emphasis supplied).  The cross-reference in the Statute to Chapter 109A seemingly creates a conflict, however, because the age of consent under Chapter 109A is 16.  18 U.S.C.S. §2241(c).  In *United States v. Kimberly*, 2005 WL 1244977 (E.D. Ky. 2005), the Court analyzed the intent of Congress in attempting to reconcile these provisions, and concluded that the age of consent under 18 U.S.C. §2423 was 18:

> Here, the court concludes, after careful consideration, that *it was the intent of Congress in enacting §2423 to raise the protected age of the victim to 18*, where the defendant travels in interstate commerce with the intent to engage in any of the sex acts enumerated in §2246 with the victim, . . .

8

> In the view of the court, the ambiguities are the result of poor statutory drafting.
>
> The court can see no other reason why Congress would have provided for the age of 18 in §2423(b) if this were not its intent.  The court concludes that the cross reference to Chapter 109A was merely to make reference to the prohibited sex acts, but that it intended to raise the protected age. . . .

*Id.* at *2 (emphasis supplied).   In *Beverly*, the Court noted that it "respectfully disagrees with" the conclusion of the Court in *United States v. Kelly*, 2000 WL 433093 (D. Kan. 2000), the sole case relied upon by Defendant Goddard in his Motion to Dismiss.  The Court in *Beverly* also noted that in *United States v. Vang*, 123 F.3d 1065, 1066 (7th Cir. 1997), "the court assumed the age for this statute [§2423] was 18 without discussion."  *Id.  See also United States v. Curtin*, 489 F.3d 935, 960 n.14 (9th Cir. 2007) (Kleinfeld J., concurring) (noting that §2423(b) "is broad, and it is not apparent why it would not apply to a college freshman arranging a date and driving across state lines intending to have sex with a 17 year old high school senior boyfriend or girlfriend").  Finally, in *United States v. Stokes*, 2010 U.S. Dist. LEXIS 45366 (N.D. Ill. 2010), the Court made clear that the majority and better reasoned view of §2423(b) applies an 18 year old  age of consent:

> Section 2423(b) was originally enacted in 1948, and in the many years since its enactment, the Seventh Circuit has upheld numerous convictions under the statute.  The Court of Appeals has always interpreted the statute to apply to interstate and foreign travel for "the purpose of engaging in sexual act with a person under 18 years of age" and has never suggested that the cross reference to Chapter 109A

9

creates a confusion about what may be prosecuted under Section 2423(b) or renders that provision unconstitutionally vague.

*Id.* at *2-3.   Accordingly, the weight of authority concludes that §2423 applies to illicit sexual conduct with a person under the age of 18.   Defendant Goddard's Motion to Dismiss Count I on the grounds that Plaintiff was 16 years of age at the time of his illicit sexual conduct must therefore be denied.

### 2. Plaintiff Sufficiently Alleges the Requisite Intent Under 18 U.S.C. §2423

Defendant asserts that Plaintiff has not pled an intent to violate 18 U.S.C. §2423.   The intent required to satisfy §2423 is discussed in *United States v. Vang*, 128 F.3d 1065 9th Cir. 1997).   The Court in *Vang* explained that "[m]any purposes for traveling may exist, but, as long as *one motivating purpose* is to engage in prostitution, criminal liability may be imposed . . . ." *Id.* at 1071 (emphasis supplied). In other words, *a* purpose of the defendant's travel must be to engage in illicit sexual conduct, but it need not be the most important of the defendant's reasons when multiple purposes are present. Id. at 1072. *See also United States v. Ellis*, 935 F.2d 385, 390 (1st Cir. 1991) (illicit purpose at least one of the defendant's motivations for taking the trip in the first place); *United States v. Garcia-Lopez*, 234 F.3d 217, 220 (5th Cir. 2000).  Furthermore, the facts and circumstances before, during, and after the travel can provide sufficient evidence of the illicit motivation for travel.  *See e.g. United States v. LaBreque*, 433 Fed. Appx. 551, 552; 2011 U.S. App. LEXIS 9884

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

(9th Cir. 2011) (knowing details and location about photo shoot that was to be followed by sexual activity, buying film and planning for victim to receive sexual training, is circumstantial evidence of illicit motivation of travel); *U.S.A. v. Boyajian*, 2012 U.S. Dist. LEXIS 132709, *31; 2012 WL 4094977 (prior and current sexual activity with minor, although not required to be shown, relevant to show illicit purpose of travel in prosecution for 18 U.S.C. § 2423(b)).

The facts and circumstances alleged in the Complaint are more than sufficient to show that the illicit sexual activity with the Plaintiff was a motivating factor in the Defendant's travel to England.  He started grooming the Plaintiff when he was 14 or 15 years old by sending communications professing his love and packages of chocolate.  (Complaint ¶¶ 10, 11).   He convinced Plaintiff to send the Defendant nude photographs and video of him masturbating.  (Complaint ¶ 12).  When Plaintiff was 15 or 16, Defendant invited Plaintiff to London to see a show and afterwards took Defendant to his hotel where he convinced Plaintiff to remove his clothes and kissed him and laid in bed with him naked.  (Complaint ¶ 13, 14).  When Plaintiff was 16 years old, Defendant took another trip to London where Defendant plied Plaintiff with alcohol and engaged Plaintiff in anal intercourse.  (Complaint ¶ 15).  Finally, the Complaint, under Count I, alleges that "a dominant, significant and motivating reason for Defendant Goddard, a United States citizen, to travel in foreign commerce was for the purpose of engaging in illicit sexual conduct with the

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

Plaintiff." (*See* Complaint ¶ 28). Based on these allegations, John Doe has sufficiently stated a motivating purpose for the travel as being illicit sexual conduct, satisfying this element for a claim under 18 U.S.C. §2423.

### III.   PLAINTIFF STATES A CLAIM FOR RELIEF UNDER CALIFORNIA LAW IN COUNT II

#### A. California Penal Code §288.4 Serves As A Basis For A Civil Remedy

Section 3523 of the California Civil Code provides that "[f]or every wrong there is a remedy." The criminal statutes of the State of California establish what is a "wrong". Consistent with this broad principle, Cal. Civil Code §3281 provides that "[e]very person who suffers detriment from the unlawful act or omission of another, may recover from the person in fault a compensation therefor in money, which is called damages." California case law accordingly confirms the existence of a civil remedy to a victim of a criminal wrong: "Civil actions lie in favor of crime victims. Violation of a criminal statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the criminal statute." *Angie M. v. Superior Court*, 37 Cal. App. 4th 1217, 1224, 44 Cal. Rptr. 2d 197 (Cal. App. 4th Dist. 1995) (*citing Michael R. v. Jeffrey B.*, 158 Cal. App. 3d 1059, 1067, 205 Cal. Rptr. 312 (Cal. App. 2d Dist. 1984)). In this regard, a criminal statute need not provide specifically for civil damages or liability to serve as the basis for civil liability. *See Michael R.*, 158

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

Cal.App.3d at 1067. "Any injured member of the public for whose benefit the statute is enacted may bring an action." *Angie M.*, 37 Cal.App. 4th at 1224.

In *Angie M.*, the Plaintiff, a victim of sexual abuse, sought to use California Penal Code §261.5 (unlawful sexual intercourse with a minor) and §288a(b)(1) (oral copulation with a person under 18 years of age) as the basis for a civil cause of action. The Court reviewed the sections of the penal code in question dealing with curbing sexual abuse of minors and held: "There can be no doubt as to the strong public policy that underlies the Legislature's enactment of multiple statutes directed at protecting minors from sexual exploitation." *Id*. at 1225. The Court then found that "Angie, a minor at all times pertinent to the complaint, is clearly a member of the class which is to be protected." *Id*. After reviewing the sexual act that the defendant committed, the Court held that a cause of action for violation of the cited penal codes had been stated. *Id*.; *See also Mesfund v. Hagos*, 2005 U.S. Dist. LEXIS 47682, *51-52, 2005 WL 5956612 (C.D. Cal. 2005).

In the instant action, Goddard has been charged in Count II with a violation of Cal. Penal Code §288.4(a)(1), which states:

> Every person who, motivated by an unnatural or abnormal sexual interest in children, arranges a meeting with a minor or a person he or she believes to be a minor for the purpose of exposing his or her genitals or pubic or rectal area, or engaging in lewd or lascivious behavior, shall be punished …

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

This section was enacted as part of the Sex Offender Punishment, Control, and Containment Act of 2006 by the California Legislature, which stated: "The Legislature finds and declares all of the following: (a) The primary public policy goal of managing sex offenders in the community is the prevention of future victimization . . . ." 2006 Cal ALS 337, 2006 Cal SB 1128,  2006 Cal Stats. ch. 337.

As in *Angie M.*, based on the facts alleged in the Complaint, the Plaintiff in the instant case was at all relevant times a minor who was an injured member of the public for whose benefit the statute was enacted.  The cases cited in the Defendant's Motion to Dismiss are readily distinguishable as none of them involve the use of ***criminal*** statutes as a basis for a civil cause of action.  Therefore, Cal. Penal Code §288.4 can serve as a basis for a civil remedy in this matter.

## B. Plaintiff's Claim Under California Law Has Extraterritorial Application

In Count II, Plaintiff seeks a civil remedy for violation of a criminal statute.  It follows that, if the Court has extraterritorial jurisdiction of the criminal act, then jurisdiction lies for the victim's concomitant civil remedy.  Extraterritorial jurisdiction in this instance in controlled by Cal. Penal Code §778a, which provides as follows:

> (a)    Whenever a person, with intent to commit a crime, does any act within this state in execution or part execution of that intent, which culminates in the commission of a crime, either within or without this state, the person is punishable for that crime in this state in the same manner as if the crime had been committed entirely within this state.

"Under this provision, California has territorial jurisdiction over an offense if the defendant, with the requisite intent, does a preparatory act in California that is more than a de minimus act toward the eventual completion of the offense." *People v. Betts*, 34 Cal. 4th 1039, 1047, 23 Cal. Rptr. 3d 138 (2005).  The question of extraterritorial jurisdiction thus presents "issues of fact," which are not susceptible to disposition on a motion to dismiss under Fed.R.Civ.P. 12(b)(6).  *Hageseth v. Superior Court*, 150 Cal. App. 4th 1399, 1408, 59 Cal. Rptr. 3d 385 (2007) (noting that the issues of fact are to be decided by the Court prior to trial).

The Complaint alleges that Defendant Goddard groomed the minor Plaintiff and induced him into illicit sexual conduct through the use of social media while Defendant was in California.  Goddard "conspired in California to identify minors in foreign countries for sex," and "engaged in sexual acts with John Doe pursuant to this conspiracy."  Complaint ¶ 9.  Count II of the Complaint specifically alleges that Goddard's crime against Plaintiff was arranged by Goddard in the State of California:

> 44.    Defendant, GARY GODDARD, motivated by an unlawful or abnormal  sexual interest in children, arranged to meet with Plaintiff in London when Plaintiff was approximately 16 and 17 years old. Defendant GODDARD made all or a substantial part of such arrangements with Plaintiff while in the State of California.
>
> 45.    Defendant GARY GODDARD arranged to meet with the Plaintiff for the purpose of exposing his or Plaintiff's genitals or rectal area, and or engaging in lewd or lascivious behavior with the Plaintiff. Defendant GODDARD formed the intent to commit these acts against Plaintiff while in the

> State of California, and made the arrangements to meet
> Plaintiff with such intent.

The test for extraterritorial jurisdiction is alternatively focused on the State of California's interest in the criminal act:

> The ultimate question is whether given the crime charged
> there is a sufficient connection between that crime and the
> interests of the State of California such that it is reasonable
> and appropriate for California to prosecute the offense.

*People v. Renteria*, 165 Cal. App. 4th 1108, 1118, 83 Cal.Rptr. 3d 11 (2008).  Here, undoubtedly the State of California has a strong interest in the activities of child sexual predators within its jurisdiction making arrangements to induce or coerce minors into sexual activities, irrespective of where those activities actually take place.  Indeed, the criminal act addressed in §288.4 is to "arrange[ ] a meeting" for the illicit purposes identified in the statute.   California has an interest in such an act of sexual predatory behavior against a child that takes place in California, as alleged here, and makes it, in and of itself, a criminal wrong.

The cases relied upon by Goddard, *North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916), and *EEOC v. Arabian America Oil Co*, 449 U.S. 244, 2148, 111 S.Ct. 1227 (1991), are distinguishable and inapposite because in those cases "the wrongful act as well as the injury occurred in the foreign jurisdiction." *Diamond Multimedia Systems, Inc., v. Superior Court*, 19 Cal. 4th 1036, 1059 n. 20, 80 Cal.Rptr. 2d 828 (1999). In any event, where the wrongful act emanates from California, the presumption against extraterritorial application does not apply:

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

> The presumption applied in *North Alaska Salmon* to a workers' compensation statute has never been applied to an injured person's right to recover damages suffered as a result of an unlawful act or omission committed in California.  Civil Code Section 3281 provides that "[e]very person who suffers detriment" from unlawful acts or omissions in California may recover damages from the person at fault.  Product liability actions against California manufacturers by persons injured elsewhere by a defective product manufactured in California are a prime example of actions authorized by Civil Code section 3281.

*Id.* at 1059-60 (holding that presumption against extraterritorial application did not apply to California statute against market manipulation).   Here, given Goddard's alleged acts taking place in California, the presumption against extraterritorial effect is inapplicable.

Accordingly, given that the underlying conduct in violation of §288.4 originated in California, the statute has extraterritorial application.  As a result, the allegations that sexual conduct occurred in England where Goddard met with John Doe does not require the dismissal of this California statutory claim.

### C. The Borrowing Statute, Cal. Civ. Proc. §361, Does Not Apply To Plaintiff's California Statutory Claim

Defendant Goddard asks this Court to apply California's "borrowing" statute, Cal. Code. Civ. Proc. §361, which provides:

> When a cause of action has arisen in . . . a foreign country, and by the laws thereof an action thereon cannot be maintained against a person by reason of the lapse of time,

17

an action thereon shall not be maintained against him in this state, . . ..

This statute applies to prevent forum shopping where the cause of action being compared in the two jurisdictions *is the same*.  "California's borrowing statute provides that when *a cause of action* has arisen in another state or country, and by the laws of that other jurisdiction ***an action could not be maintained thereon by reason of lapse of time***, the cause of action cannot be brought in California even if the California statute of limitations has not run." *Delfosse v. C.A.C.O., Inc. – Federal*, 218 Cal. App. 3d 683, 691, 267 Cal. Rptr. 224 (1990) (emphasis supplied).  In this case, there is nothing in the record to indicate that a cause of action exists in England for meeting with a minor for the purpose of sexual exploitation or engaging in lewd or lascivious behavior, as alleged in Count II of the Complaint.  Section 361 contemplates the same cause of action available in the two jurisdictions, such as for common law negligence or fraud.  *See, e.g., Rash v. Bomatic, Inc.*, 2005 Cal. App. Unpub. LEXIS 1974 (Cal. App. 4th Dist. 2005) (applying §361 to common law claims, including negligence, breach of warranty and fraud).

Here, a limitations period cannot be "borrowed" because the record does not demonstrate that there is any comparable cause of action in England.  Section 361, specifically, provides that it applies where a cause of action cannot be maintained in a foreign country "because of a lapse of time"; in the case of Plaintiff's California statutory claim, a cause of action, first, cannot be maintained in England because for

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

present purposes there is apparently no such cause of action in England.[7] Additionally, John Doe's cause of action for meeting with a minor to engage in lewd and lascivious conduct is not subject to Section 361 because it did not "arise" in England, rather it arose in California. The conduct violative of the statute alleged in Count II, under Cal. Penal Code §288.4, is complete upon the defendant arranging a meeting with a person he believes to be a minor for the purpose of sexual exposure or activity. In this case, that conduct occurred in California. (*See* Complaint ¶¶ 44, 45). Therefore, the cause of action arose in California, precluding application of §361.

In any event, it has been held that where a cause of action arose in more than one jurisdiction, including California, §361 does not apply:

> **Because [plaintiff's] action partially arose in California, the borrowing statute is inapplicable and California's . . . statute of limitation applies.**

*Davis v. Shiley, Inc.*, 64 Cal. App. 4th 1257, 75 Cal. Rptr. 2d 826 (1998) (emphasis supplied); *See also Rodriguez v. Mahoney*, 2012 U.S. DIST. LEXIS 49202 *17-18 (C.D. Cal. 2012) (declining to address question of where action arises for purposes of §361). There is thus, at the very least, a question arising under §361 as to where the

---

[7] Defendant Goddard's Request for Judicial Notice attaches the United Kingdom's Limitation Act of 1980, ch. 58, which "applies to any action for damages for negligence, nuisance or breach of duty . . . ." The cause of action for intentional conduct alleged to violate California law in Counts II and III of the Complaint does not fall into any of these categories.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

cause of action arose that is not susceptible to disposition on Defendant Goddard's Motion to Dismiss.

Based on the foregoing, California's "borrowing" statute, Cal. Code Civ. Proc. §361, is inapplicable, and does not support dismissal of Plaintiff's state law claim in Count II.

### D.  California's Choice of Law, Governmental Interest Test, Does Not Indicate That England's Statute Of Limitations Should Apply

Defendant Goddard asserts that English law should be applied to John Doe's California statutory claim in Count II.  However, Goddard's choice-of-law analysis, under California's governmental interest test, is flawed.  In particular, consideration of the first prong of the three-part test does not allow for application of foreign law to Plaintiff's California claim.  This prong provides:

> First, the court determines whether the relevant law of each of the potentially affected jurisdictions with regard to the particular issue in question is the same or different. . ..

*McCann v. Foster Wheeler, LLC*, 48 Cal. 4th 68, 87-88, 105 Cal. Rptr. 3d 378 (2010); *Kearney v. Solomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107, 45 Cal. Rptr. 3d 730 (2006).  The governmental interest test fails on this first prong because there is nothing presented in the record by Defendant Goddard to indicate that the "relevant law" in the United Kingdom recognizes a cause of action comparable to that provided by California statute in Court II to which a foreign statute of limitations could apply.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

Defendant Goddard relies upon the Court's decision in *Rodriguez v. Mahoney*, 2012 U.S. Dist. LEXIS 42902 (C.D. Cal. 2012), which is distinguishable.  There, the plaintiff brought a common law negligence claim arising from clergy sexual abuse, where the California defendant's wrongful conduct occurred in California but the sexual abuse took place in Puebla, Mexico.  *Id*. *15-16.  The Court rejected the plaintiff's argument under the first prong of the governmental interest test that Puebla law did not "recognize[ ] any cause of action against the California Defendants to which its statute of limitations could apply." *Id*.  Based on evidence submitted in the form of an expert declaration, the Court found that the defendants had demonstrated that the Puebla Civil Code recognized a cause of action that would encompass the plaintiff's common law negligence claim:

> Accordingly, the California Defendants have demonstrated that the Puebla Civil Code, like the Mexican Civil Code, recognizes a cause of action that would encompass the civil wrongs committed against Plaintiff that form the basis for his Common Law Claims.

*Id*. at *22-23.  The instant case, in contrast, does not raise common law claims which would have an equivalent in English law.  Defendant Goddard has proffered nothing that would indicate that England recognizes a cause of action for arranging to meet a minor to engage in sexual exposure or lewd or lascivious behavior, such as found in Cal. Penal Code §288.4.  No expert declaration in English law was proffered.  Accordingly, the question presented under the first prong of the government interest

21

test in *Rodriguez* – whether the defendant has demonstrated that English law recognizes a cause of action comparable to the statutory claim set forth in Count II of the Complaint – must be answered in the negative.  Because the claims under California statute and English law cannot be so compared, the government interest test in this instance fails and California law is applicable.

It follows that there is no "true conflict" between California law and English law given the lack of a comparable cause of action under English law.  Moreover, the Complaint does not necessarily indicate a conflict between California's and England's age of consent, because conduct violative of §288.4 may have occurred, according to the allegations in the Complaint, when John Doe was 15 years old, below the age of consent in both jurisdictions.  Specifically, the Complaint alleges as follows:

> 13.    When John Doe was 15 or 16 years old, GODDARD invited John Doe to visit him in London to discuss his career and see a show. GODDARD told John Doe to tell his parents that GODDARD was his mentor and helping him to develop an acting career.

> 14.    After the show, GODDARD took John Doe to his hotel and tried to kiss him. John Doe resisted and told him he felt uncomfortable. GODDARD insisted, and GODDARD convinced John Doe to remove his clothes. GODDARD and John Doe lied in bed together naked and kissed.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

This conduct – in which Goddard arranged to meet with John Doe when he was 15-16 years old for the purposes of exposing his genitals, and did so expose his genitals – states a claim under §288.4.

If one nonetheless proceeds with the final two prongs of the government interest test, however, the result is the same, requiring application of California law. California has a strong interest in deterring sexual predators of children.  The sexual predator in this instance, Defendant Goddard, is a California resident alleged to have initiated, planned and engaged in predatory activities from California.   Cal. Penal Code §288.4 was enacted as part of the Sex Offender Punishment, Control and Containment Act of 2006 (the "Act").  The preamble to the legislation states that "[t]he primary public policy goal of managing sex offenders in the community is the prevention of future victimization."  Stats. 2006, ch. 337, §2(a).  The notes to Cal. S.B. 1128, indicate that §288.4 was part of a sweeping legislative change to tighten the laws against child sexual predators:

> This bill would create new offenses for persons who arrange a meeting with a minor or person he or she believes to be a minor for the purpose of exposing his or her genitals or pubic or rectal area, having the child expose any of these areas, or engaging in lewd or lascivious behavior; and for persons who actually go to that arranged meeting.

Accordingly, California has a paramount interest in applying its law to California sexual predators who arrange to meet minors for illicit purposes, wherever that

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

meeting may take place.   Defendants do not demonstrate that England has a comparable interest.   The interests of California in this instance include applying California law to the statute of limitations for this claim, so that criminal sexual predators in California are held accountable.   *See Rodriguez*, 2012 U.S. Dist. LEXIS at *25-26 (discussing California's interest in applying its child sexual abuse statute of limitations, Cal. Civil Code §340.1); *Doe v. City of Los Angeles*, 42 Cal. 4th 531. 3d 545, 67 Cal. Rptr. 330 (2007) ("[t]he overall goal of section 340.1 is to allow victims of child sexual abuse a longer time period in which to bring suit against their abusers").

Finally, given the unique provisions of §288.4 which was relatively recently enacted into law, and the strong policy supporting it, the nature and strength of the interest of the State of California in the application of its own law demonstrates that California's interest would be more impaired if its law were not applied.   *See Kearney*, 39 Cal. 4th at 107 *et. seq.*   Accordingly, under any choice-of-law analysis based on the government interest test, California law should be applied to the Plaintiff's claim under Cal. Penal Code §288.4.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

## IV.   FILING OF COMPLAINT USING FICTITIOUS NAME JOHN DOE 117 IS NECESSARY TO PROTECT PLAINTIFF FROM HARASSMENT, INJURY, <u>RIDICULE AND PERSONAL EMBARRASSMENT</u>

As described in the Complaint and evident in the media, the Defendants in this matter are world renowned figures in the Hollywood entertainment industry.  The press, whether in the form of international wire services, long-standing news publications, Hollywood tabloids or the ever-emerging blogs, continues to monitor and report on every filing and every stage of any proceedings involving these Defendants.[8]  Early on, in another case against this Defendant in Hawaii, the Associated Press sought and was granted leave for media blogging during the proceedings.[9]  Based on this media factor alone, descriptive legal terms in the case law used to justify filing under a pseudonym such as "unusual case" and "special circumstances" are understatements, and the case is far better described as "sensational."  Thus, the Plaintiff, if his identity were to be publically disclosed, would be subject to the revictimization of having the entire world seeing the details of every gruesome, graphic sexual act perpetrated personally upon him.  Furthermore, unlike the "usual" Plaintiff in the usual case, if his name were made public, the Plaintiff would have no privacy or protection from the curious and often relentless media.

___

[8] As evidence of such, this Honorable Court is requested to simply type the Defendants' names into its favorite internet search engine.

[9] See *Michael F. Egan, III v. Gary Wayne Goddard*, Case No. 1:14-cv-00189-SOM-BMK, (DE 11).

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
<u>OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS</u>

In the Ninth Circuit, it has been held that filing under a pseudonym is permitted if it is necessary to protect a person from harassment, injury, ridicule or personal embarrassment, and when anonymity is necessary to protect privacy in a sensitive and highly personal manner.  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000); *United States v. DOE*, 655 F.2d 920, 922 (9th Cir. 1981); *American-Arab Anti-Discrimination Comm. v. Ridge*, 2003 U.S. Dist. LEXIS 25100 (C.D. Cal. 2003).  Because being taken advantage of in a sexual manner as a minor is of a highly sensitive and personal nature, leave to proceed anonymously has been granted.  *See John Doe 140 v. Archdiocese of Portland*, 249 F.R.D. 358, 361 (D. Or. 2008); *Doe v. Kuo Huei Lee*, 2014 U.S. Dist. LEXIS 20686 (N.D. Cal. 2014).

Finally, when reviewing this matter, "[t]he court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceeding may be structured as to mitigate that prejudice."  *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).  The Defendant has been fully informed as to the identity of the Plaintiff by way of delivery of a preservation letter.  Knowing of such, as Defendant Goddard has alleged no prejudice to his defense, he lacks standing to raise issue the public's interest in knowing the Plaintiff's identity; indeed, he lacks standing to even challenge the anonymous filing at this time, and this Court should summarily deny dismissal on such grounds.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS

Attached hereto as Exhibit "A" is the Declaration of John Doe setting forth the harm that would be caused if his name were publicly revealed.[10]   Under the circumstances, John Doe requests that he be allowed to proceed in this action anonymously under the designated pseudonym.

## **CONCLUSION**

Based on the foregoing, there is no basis to dismiss Plaintiff's claim in Count I for civil damages under 18 U.S.C. §2255, nor Count II for violation of Cal. Penal Code §288.4.  Plaintiff therefore requests that Defendant's Motion to Dismiss as to Counts I and II of the Complaint be denied.  Plaintiff further requests, under the circumstances of this case, that he be allowed to proceed anonymously by continued use of the pseudonym John Doe No. 117.

Dated: July 21, 2014          HERMAN LAW


By:  /s/ Arick W. Fudali
        Arick W. Fudali, Esq.
        Cal. Bar No. 296364
        Counsel for Plaintiff

---

[10] Attached hereto as Exhibit "B" is the Declaration of John Doe's attorney, Lee Cohen, Esq., establishing the identity of the Affiant in Exhibit "A" as John Doe No. 117.

PLAINTIFF JOHN DOE No. 117'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT GARY GODDARD'S MOTION TO DISMISS