WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN law corporation
PAUL E. GASPARI, ESQ., California State Bar #76496
pgaspari@weintraub.com
DANIEL C. ZAMORA, ESQ. California State Bar #224375
dzamora@weintraub.com
SHAUNA N. CORREIA, California State Bar # 232410
scorreia@weintraub.com
475 Sansome Street, Suite 1800
San Francisco, CA  94111-3211
Telephone:  (415) 433-1400
Facsimile:  (415) 433-3883

Attorneys for Defendant
GARY GODDARD

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 117, | CASE NO. 2:14-cv-03530-DDP-AJW |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** |
| vs. | |
| BRYAN   SINGER   and   GARY WAYNE GODDARD, | |
| Defendants. | Date:  August 18, 2014 |
| | Time: 10:00 a.m. |
| | Courtroom: 3 |
| | Judge: Hon. Dean D. Pregerson |
| _____/ | Complaint Filed:  May 7, 2014 |
| | *[Filed Concurrently with Declaration of Paul E. Gaspari]* |

{SF031730.DOC;}                                    1
**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

weintraub tobin chediak coleman grodin
law corporation

# TABLE OF CONTENTS

I. INTRODUCTION.................................................................................1

II. ARGUMENT.....................................................................................3

    A. Plaintiff's 18 U.S.C. Section 2423 Claim Should Be Dismissed.........3

        1. Alleged Consensual Sexual Activity With A 16-Year-Old Does Not Violate 18 U.S.C. Section 2423.............................................3

        2. Plaintiff Cannot Insulate His Defective 18 U.S.C. Section 2423 Claim From Dismissal By Combining It With A Claim Under 18 U.S.C. Section 2251..................................................................7

    B. Plaintiff's Claim Based On California Penal Code Section 288.4 Should Be Dismissed.............................................................9

        1. Under Choice-Of-Law Principles, Plaintiff Has No Claim Because The Alleged Conduct Was Legal In England, And Any Possible Cause Of Action For Personal Injury Would Be Time-Barred In England.............................................................................9

        2. Plaintiff Has Failed To Present Any Authority That Penal Code Section 288.4 Gives Rise To A Civil Claim For Relief...............13

    C. This Court Should Dismiss Plaintiff's Entire Complaint Because He Filed Anonymously Without Permission And No Factual Basis Has Been Set Forth To Allow Him To Do So...................................14

III. CONCLUSION...............................................................................22

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

# TABLE OF AUTHORITIES

**Cases**

*Angie M. v. Superior Court*, 37 Cal.App.4th 1217 (1995) ........................................ 13

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ............ 14

*Bautista v. Los Angeles County*, 216 F.3d 837 (9th Cir. 2000) .................................. 8

*Cable v. Sahara Tahoe Corporation*, 93 Cal.App.3d 384 (1979) ............................. 10

*Doe v. Frank*, 951 F.2d 320 (11th Cir. 1992) ............................................................ 19

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) .... 16, 20

*Duncan v. Walker*, 533 U.S. 167 [121 S. Ct. 2120] (2001) ........................................ 3

*Hernandez v. Burger*, 102 Cal.App.3d 795 (1980) ................................................... 10

*Hill v. Opus Corp.*, 841 F.Supp.2d 1070 (C.D. Cal. 2011) ........................................ 8

*Jane Doe v. Bell Atlantic*, (95-40057-NMG) 162 F.R.D. 418 (D. Mass. 1995) ....... 18

*Jane Doe v. Huei Lee*, (C 13-04029 LB) 2014 U.S. Dist. LEXIS 20686 (N.D. Cal. 2014) .................................................................................................................... 21

*Jane Doe v. North Carolina Cent. Univ.*, (1:98CV01095) 1999 U.S. Dist. LEXIS 9804 (M.D.N.C. 1999) ................................................................................ 17, 18, 19

*Jane Doe v. Shakur*, 164 F.R.D. 359 (S.D.N.Y. 1996) ....................................... 17, 19

*Jane Doe v. Univ. of Rhode Island*, (93-0560B) 1993 U.S. Dist. LEXIS 19257 (D.R.I. 1993) ......................................................................................................... 18

*Jane Does 1 and 2 v. Unified School Dist. 331*, (11-1351-KHV) 2013 U.S. Dist. LEXIS 53440 *6-*7 (D. Kan.) ................................................................................. 17

*John Doe 140 v. The Archdiocese of Portland in Oregon*, 249 F.R.D. 358 (D. Or. 2008) ................................................................................................................ 21, 22

*Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95 (2006) ................................. 10

*Michael R. v. Jeffrey B.*, 158 Cal.App.3d 1059 (1984) ............................................. 13

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## Cases (cont.)

*Rodriguez v. Mahony* (CV 10-02802-JST) 2012 U.S. Dist. LEXIS 42902 (C.D. Cal. 2012) ................................................................................ 1, 10, 11

*Rosales v. City of Los Angeles* (2000) 82 Cal.App.4th 419 ...................................... 14

*Rose v. Beaumont Independent School Dist.*, 240 F.R.D. 264 (E.D. Tex. 2007) 17, 19

*Smith v. Salish Kootenai College*, 378 F.3d 1048 (9th Cir. 2004) ........................... 12

*Tibbetts v. Syntex Corp.*, 1991 U.S. Dist. LEXIS 13628 (N.D. Cal. 1991) .............. 12

*U.S. v. Clark*, 435 F.3d 1100 (9th Cir. 2006) ......................................................... 5

*U.S. v. Doe*, 655 F.2d 920 (9th Cir. 1981) ............................................................ 16

*U.S v. Kelly*, (99-10100-01-WEB) 2000 U.S. Dist. LEXIS 5293 (D. Kan. 2000) .. 4, 5

*U.S. v. Kimberly*, (05-17-WOB) 2005 U.S. Dist. LEXIS 9913 (E.D. Ky.) ..............5

*U.S. v. Menasche*, 348 U.S. 528 [75 S. Ct. 513] (1955) ......................................... 3

*U.S. v. Powell*, 6 F.3d 611 (9th Cir. 1993) ........................................................... 7

*U.S. v. Stokes*, (07 CR 590) 2010 U.S. Dist. LEXIS 45366 (N. D. Ill.) ................5

*Williams v. Taylor*, 529 U.S. 362 [120 S. Ct. 1495] (2000) ................................... 3

## Federal Statutes

18 U.S.C. Sections 2241 ................................................................................. passim

18 U.S.C. Section 2243(a) ....................................................................................... 6

18 U.S.C. Section 2246 ........................................................................................... 3

18 U.S.C. Section 2251 .................................................................................... 1, 7, 8

18 U.S.C. Section 2423 ................................................................................... passim

## Federal Rules

Federal Rule of Civil Procedure 10(b) ...................................................................... 7

Federal Rule of Civil Procedure Rule 12(b)(6) .................................................. 8, 14

**weintraub tobin** chediak coleman grodin
law corporation

**State Statutes**

California Code of Civil Procedure Section 340.1(e) ................................................ 14

California Penal Code Section 288.4 .......................................................... 2, 9, 12, 13

{SF031730.DOC;}                                    iv

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

It should now be abundantly clear that Plaintiff is complaining about alleged conduct which is entirely legal where he resides. Plaintiff is, and continues to be, a stranger to California and to this district court. With no tort having been committed in his own country, with no connection whatsoever to California, and with no alleged injury or damage possibly occurring in this country, he seeks to invoke federal and California law to provide him with a windfall recovery.

Plaintiff's 18 U.S.C. Section 2423 claim must fail because consensual sexual activity with a 16-year-old is not proscribed by the statute. Plaintiff's interpretation of Section 2423 would require rendering its reference to conduct violating Chapter 109A of Title 18 (in which sexual activity with a 16-year-old is legal) mere surplusage. Further, Plaintiff cannot insulate his defective claim from dismissal simply because he chose to combine with a different claim under 18 U.S.C. Section 2251.

Also, there is no basis to invoke California law when a foreign plaintiff claims injury due to alleged damage from activity occurring in a foreign jurisdiction. Under proper choice-of-law analysis, as this Court previously recognized in *Rodriguez v. Mahony* (CV 10-02802-JST) 2012 U.S. Dist. LEXIS 42902 (C.D. Cal. 2012), the law of the forum state must be applied. Here, no tort

{SF031730.DOC;}                                      1

was committed in England and, therefore, Plaintiff cannot now concoct a remedy by attempting to invoke California law, notwithstanding the fact California Penal Code Section 288.4 does not provide a civil remedy in any event.

Finally, Plaintiff and his counsel have smeared and attacked Mr. Goddard both with their filings in this Court, as well as through a widely publicized media press conference, in which Plaintiff's counsel hurled numerous stigmatizing accusations at Mr. Goddard, while also calling out for other people to come forward against Mr. Goddard and Mr. Singer.  Now, Plaintiff duplicitously wants to hide behind his "Doe 117" designation, thereby putting all of the media focus onto Mr. Goddard, no matter how damaging it may be to Mr. Goddard.  Also, it severely prejudices Mr. Goddard by preventing any witnesses from coming forward to contravene "Doe 117"'s allegations because his name will be unknown. Plaintiff's improper submission of declarations to oppose a Rule 12(b)(6) motion notwithstanding, the gravemen of his contention is simply that there is significant media attention in this case.  However, one cannot start a media firestorm by holding a press conference, while simultaneously complaining about press exposure.  He should not be allowed to litigate anonymously.  Accordingly, his Complaint should be dismissed.

/ / /

/ / /

{SF031730.DOC;}                                        2

## II.  ARGUMENT

### A.  Plaintiff's 18 U.S.C. Section 2423 Claim Should Be Dismissed.

#### 1.  Alleged Consensual Sexual Activity With A 16-Year-Old Does Not Violate 18 U.S.C. Section 2423.

Plaintiff concedes that alleged consensual sexual activity with a 16-year-old does not violate Chapter 109A of Title 18.  It is undisputed that Section 2423(f)(1) defines illicit sexual conduct as being limited to those acts which violate Chapter 109A.  Even so, Plaintiff maintains that consensual sexual activity with anyone below the age of 18 violates Section 2423.  In order to arrive at this result, Plaintiff simply ignores the reference to Chapter 109A in Section 2423(f)(1).

This interpretation violates the most fundamental rules of statutory construction which provides that every clause of a statute should be given effect.  *U.S. v. Menasche*, 348 U.S. 528, 538-539 [75 S. Ct. 513] (1955); *Williams v. Taylor*, 529 U.S. 362, 404 [120 S. Ct. 1495] (2000).   A court should therefore be "reluctant to treat statutory terms as surplusage in any setting." *Duncan v. Walker*, 533 U.S. 167, 174 [121 S. Ct. 2120] (2001).

By its express terms, in order to be actionable, non-commercial sexual conduct must *violate* Chapter 109A of Title 18.  Section 2423(f)(1) states, in pertinent part, "the term 'illicit sexual conduct' means (1) a sexual act (as defined in Section 2246 [18 USCS §2246]) with a person under 18 years of age **that would**

**be in violation of Chapter 109A [18 USCS §§ 2241 et seq.]** if the sexual act occurred in…territorial jurisdiction of the United States." (emphasis supplied). If the conduct does not violate Chapter 109A, it cannot constitute "illicit sexual conduct" under Section 2423. Any other interpretation would render the clause nugatory.

Indeed, not only did the district court so hold in *U.S v. Kelly*, (99-10100-01-WEB) 2000 U.S. Dist. LEXIS 5293 at *3 (D. Kan. 2000), but the court also discussed, at length, the fact that the legislative history of the statute indicated Congress was apprised by the United States Justice Department that consensual sex with a 16-year-old would *not* violate the statute and, nonetheless, Congress chose not to amend Section 2423, explaining:

The legislative history…discloses that the Justice Department recommended that the reference to Chapter 109A be deleted from subsection (b). It noted that under the current language of the statute, "a person who traveled in interstate commerce with the intention of having consensual sexual activity with a 16-year old minor would not violate the statute, because Chapter 109A only punishes consensual activity between the defendant and a minor between the ages of 13 and 15, if the perpetrator is four or more years older than the minor.

…

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

For reasons that are unclear, Congress did not adopt the change recommended by the Justice Department, but left the reference to Chapter 109A in subsection (b).

*Kelly, supra*, 2000 U.S. Dist. LEXIS 5293 at *5, fn.3.  Indeed, the Ninth Circuit has recognized that the key distinction between commercial and non-commercial sexual activity under Sections 2423(f)(1)&(2) is that non-commercial sexual activity is conduct specifically proscribed by Chapter 109A.  See *U.S. v. Clark*, 435 F.3d 1100, 1105 (9th Cir. 2006).

Notwithstanding that any interpretation of Section 2423 that criminalizes consensual sexual activity with a 16-year-old would simply ignore the Chapter 109A clause[1], it would also conflict with other provisions as well.  For example, while subsection (g) of Section 2423 provides a defendant with a good faith belief defense as to the minor being over the age of 18, it is strictly limited to commercial

---

[1] With all due respect to the two opinions by the district courts sitting in Kentucky and Illinois, cited by Plaintiff, those opinions do not cite to any legislative history establishing Congressional intent that Section 2423 be violated by mere consensual sex with persons under 18.  Rather, the Eastern District of Kentucky simply reasoned that it could not "see" any reason why Congress would not have wanted to the age to be 18.  *U.S. v. Kimberly*, (05-17-WOB) 2005 U.S. Dist. LEXIS 9913 at *5-*6 (E.D. Ky.)  The Northern District of Illinois, in turn, cited the Eastern District of Kentucky as providing legislative support, which it does not.  *U.S. v. Stokes*, (07 CR 590) 2010 U.S. Dist. LEXIS 45366 at *3 (N. D. Ill.)  Neither actually cite to any legislative history and are, thus, poor examples of statutory interpretation.

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

sexual activity under Section 2423(f)(2).[2]   There is no corresponding good faith belief defense as to the minor being over 18 for non-commercial sexual activity under Section 2423(f)(1), and with good reason.  First, consensual sexual activity with a 16-year-old is *legal* under Section 2423(f)(1) under Chapter 109A, and, therefore, a defense based on the minor being over age 18 would be superfluous. Second, Chapter 109A supplies its own good faith belief defense to prosecution under Section 2423(f)(1). See 18 U.S.C. §2243(a).  However, the good faith belief defense under Chapter 109A is age 16, not 18.  See 18 U.S.C. Section 2243(a) (it is a defense that the defendant "reasonably believed that the other person **had attained the age of 16 years.**") (emphasis supplied).  It would make no sense to provide a good faith belief defense that a minor was age 16 or older, if sexual activity were illegal with anyone under age 18.  However, this is precisely the absurd result that Plaintiff requests.

In sum, not only does Plaintiff's interpretation of Section 2423 as proscribing sexual conduct with anyone under age 18, and not 16, render the Chapter 109A clause mere surplusage, it also renders other provisions in the statute

---

[2] 18 USC 2423(g) provides: "In a prosecution under this section based on illicit sexual conduct as defined in subsection (f)(2), it is a defense, which the defendant must establish by a preponderance of the evidence, that the defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years."

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

meaningless as well. See *U.S. v. Powell*, 6 F.3d 611, 614 (9th Cir. 1993) (a "basic rule of statutory construction that one provision should not be interpreted in a way which . . . renders other provisions of the same statute inconsistent or meaningless.") (internal quotation marks and citation omitted.)   Accordingly, his Section 2423 claim should be dismissed on the basis that his alleged consensual sexual activity with Mr. Goddard in England cannot violate the statute.

> **2. Plaintiff Cannot Insulate His Defective 18 U.S.C. Section 2423 Claim From Dismissal By Combining It With A Claim Under 18 U.S.C. Section 2251.**

Plaintiff asserts that his first claim for relief is premised on alleged violations of both 18 U.S.C. Sections 2423(b)&(c) and 18 U.S.C. Section 2251(a)&(c).  These are claims based on different statutes and different alleged factual predicates.  Whereas 18 U.S.C. Section 2423(b)&(c) claims are premised upon travel in interstate commerce and Plaintiff's alleged sexual relations with Mr. Goddard in England (Compl, ¶¶ 13-21, 24-31), the 18 U.S.C. Section 2251(a)&(c) claim is premised upon Mr. Goddard's alleged receipt of visual depictions of sexual images while Mr. Goddard was in California during a different time period. (Compl., ¶ 12, ¶¶ 32-38).

Pursuant to Federal Rule of Civil Procedure 10(b), "(a) party must state its claims…in numbered paragraphs, each limited as far as practicable to a single set

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

of circumstances…If doing so would promote clarity, **each claim founded on a separate transaction or occurrence…must be stated in a separate count**." (emphasis supplied).  As the Ninth Circuit has explained, separate counts "…will be required if necessary to enable the defendant to frame a responsive pleading…" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).  Additionally, "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." *Id.* at 840-841.

Thus, it follows that a plaintiff cannot insulate his defective claims from dismissal under Rule 12(b)(6) by simply combining them with other claims under one so-called claim for relief. See *Hill v. Opus Corp.*, 841 F.Supp.2d 1070, 1082 (C.D. Cal. 2011) (holding that "plaintiffs' state law claims seeking compensation under ERISA-covered plans are separable from their claims seeking compensation under non-covered plans" for purposes of a motion to dismiss under Rule 12(b)(6).)

Here too, Plaintiff cannot insulate his defective Section 2423 claim by attempting to combine it with his Section 2251 claim.  Indeed, in his Complaint, it appears that Plaintiff had actually intended to create two separate counts with his Section 2423 and Section 2251 claims, as the allegations are grouped separately in the pleading. (Compare Compl., ¶¶ 24-31 with ¶¶32-38.)  Plaintiff's failure to

plead them as separate counts, for whatever reason, does not allow him to avoid dismissal of the Section 2423 claim.

### B. Plaintiff's Claim Based On California Penal Code Section 288.4 Should Be Dismissed.

**1. Under Choice-Of-Law Principles, Plaintiff Has No Claim Because The Alleged Conduct Was Legal In England, And Any Possible Cause Of Action For Personal Injury Would Be Time-Barred In England.**

Mr. Goddard's initial moving papers correctly stated that because his alleged sexual activity with Plaintiff was legal under English law and no tort was committed against him, Plaintiff cannot now maintain a claim against Mr. Goddard under California law based upon a proper choice-of-law analysis.  Plaintiff does not dispute, because he cannot, that age 16 is the legal age for consent to sexual activity in England.

In any effort to avoid the obvious fact that Mr. Goddard's alleged conduct with Plaintiff was legal in England, Plaintiff posits that in order for there to be a "conflict," a comparable cause of action must exist in England to the conduct proscribed by Penal Code Section 288.4. This argument is not only confusing and illogical, but misses the entire point.  A conflict exists between California and English law because Mr. Goddard's alleged conduct is not illegal in England.

A plaintiff does not have to have a cause of action, or a right to recovery, in a foreign jurisdiction in order for a conflict to exist with California law.  See, e.g, *Cable v. Sahara Tahoe Corporation*, 93 Cal.App.3d 384, 388-390 (1979)  (a conflict existed between Nevada and California law, where Nevada imposed no liability (i.e. had no cause of action) for innkeepers who sell alcohol to customers who thereafter cause a motor vehicle accident, and California law imposed liability); *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal.4th 95, 121-122 (2006) (applying Georgia law in dismissing invasion of privacy cause of action because surreptitiously recording telephone conversations was legal under Georgia law, although illegal under California); *Hernandez v. Burger*, 102 Cal.App.3d 795, 797 (1980) (applying Mexican law to accident that occurred in Mexico caused by California defendants even though Mexican law capped Plaintiff's damage claims at $2,000 and California had no tort damage cap.)

Plaintiff's citation to *Rodriguez v. Mahony*, (CV 10-02802-JST) 2012 U.S. Dist. LEXIS 42902 (C.D. Cal. 2012), for the proposition that a similar cause of action must exist in the foreign country in order for there to be a conflict, demonstrates a serious misinterpretation of the case.  In *Rodriguez*, the defendants were seeking application of Puebla's statute of limitations to a claim arising in Puebla.  Accordingly, the court had to consider if there was any cause of action to which the statute of limitations applied, as without a cause of action, the statute

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

would not begin running. *Id.* at \*20-\*21.

Here, the primary question is liability, not a time-bar. Because Mr. Goddard's alleged sexual activity is not illegal, Plaintiff has no tort claim under English law. As an alternative argument (and while still contending that no tort occurred), Mr. Goddard added that if any tort had occurred (it did not), then because the English personal injury statute of limitations is three years, such a claim would be time-barred in any event. However, the primary basis for application of English law is the fact that Plaintiff, a foreign citizen with no connection whatsoever to the United States, simply raced into an American court seeking money for damage and injury allegedly occurring in England for conduct that is legal in England. In other words, regardless of any statute of limitations, there is no claim in the first instance because no tort occurred under English law.

Furthermore, in *Rodriguez*, this Court already considered and rejected the only interest advanced by Plaintiff herein – monetary recovery for childhood sexual abuse – calling California's interest "relatively weak" when claims are "brought by a Plaintiff with no connection to California based on childhood abuse that did not occur in California." *Id.* at \*31. Indeed, this Court noted that while "California has an interest in deterring the California Defendants' wrongful conduct, that interest would *only be negligibly advanced* if claims by nonresidents of California proceed in this forum." *Id.* (internal quotations omitted).

Finally, notwithstanding that no tort was committed in England because the alleged conduct was legal, California's borrowing statute would apply, mandating application of the United Kingdom's three-year statute of limitations for personal injuries. The only possible location where Plaintiff could have sustained injuries is in England, as Plaintiff never set foot in California and, therefore, could not have sustained any injuries here. While focusing entirely on Mr. Goddard's alleged California conduct, Plaintiff wholly ignores the fundamental fact that tort claims arise where the *injury* occurs. See *Smith v. Salish Kootenai College*, 378 F.3d 1048, 1054 (9th Cir. 2004) ("(a)s a general rule, a tort does not 'arise' until all elements of the cause of action exist, including causation and damages."); *Tibbetts v. Syntex Corp.*, C 91-0271 FMS, 1991 U.S. Dist. LEXIS 13628 *7-*8 (N.D. Cal. 1991) (the cause of action arose in Florida since it was "the state of plaintiff's residence and the only place where the consumption and resulting alleged injuries occurred.") Again, Plaintiff has no claim against Mr. Goddard because his alleged conduct is not tortious in his country. However, if he did, such a claim would be barred by the United Kingdom's three-year personal injury statute of limitations.

In sum, this Court should apply English law and find that no claim can be maintained under California law.

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

2.  **Plaintiff Has Failed To Present Any Authority That Penal Code Section 288.4 Gives Rise To A Civil Claim For Relief.**

Plaintiff cites *Angie M. v. Superior Court*, 37 Cal.App.4th 1217 (1995), and the case upon which it relied, *Michael R. v. Jeffrey B.*, 158 Cal.App.3d 1059 (1984), for the proposition that the alleged violation of a penal code statute is actionable, despite the absence of any statutory language creating a private cause of action.  Those cases, however, do not say that violation of a penal code section is directly actionable.  Rather, all they say is that violation can provide a standard of care for a civil cause of action.  For example, in *Angie M.*, none of the causes of action were themselves violations of the penal code.  *Angie M., supra*, 37 Cal.App.4th at 1222.  Rather, they were all tort claims.  *Id.* Indeed, the plaintiff's so-called "unlawful seduction/sexual abuse" cause of action was premised not only on alleged violations of the Penal Code, but of the Welfare and Institutions Code as well.

Similarly, in *Michael R.*, the appellate court simply held that a violation of the penal code can provide a standard of care under a theory of negligence per se. *Michael R., supra*, at 1071.  Indeed, in *Michael R.*, as in *Angie M.*, no cause of action based on a violation of the penal code was pleaded.  *Id.* at 1064. Rather, the *Michael R.* causes of action were for negligence and negligent supervision of a

child. *Id.*[3] Thus, contrary to Plaintiff's assertion in this case, no authority states that an alleged violation of a penal code section is directly actionable.

Rather, *Rosales v. City of Los Angeles,* 82 Cal.App.4th 419 (2000), which Plaintiff fails to address entirely in his Opposition, flatly holds that an alleged violation of the penal code does not create a civil cause of action, unless specifically stated. *Id.* at 428.

### C. This Court Should Dismiss Plaintiff's Entire Complaint Because He Filed Anonymously Without Permission And No Factual Basis Has Been Set Forth To Allow Him To Do So.

Plaintiff never applied to this Court to proceed anonymously, and still has not. Rather, Plaintiff and his counsel have proffered declarations in opposition to the motion to dismiss. Of course, consideration of materials outside of the complaint are improper on a Rule 12(b)(6) motion. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).[4]

---

[3] It also bears noting that a violation of Penal Code Section 288.4 is not among the enumerated sections recognized by the California Legislature as constituting "childhood sexual abuse" for the purpose of the civil statute of limitations for sexual abuse. See Cal. Code of Civ. Proc. §340.1(e).

[4] Mr. Goddard attempted to comply with the rules governing Rule 12(b)(6) motions by refraining from submitting a declaration in support of the motion. However, because Plaintiff and his counsel proffered declarations in opposition, to attempt to create special circumstances, Mr. Goddard has submitted a declaration in response describing the prejudice that would adhere to him if Plaintiff were permitted to

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Nonetheless, it is clear that Plaintiff has no qualms about publically naming Mr. Goddard by his true name, publically making highly scandalous, stigmatizing and damaging accusations against Mr. Goddard in this lawsuit, or having his attorney hold a highly public, media press conference regarding this case, which press conference footage still remains publically available to this day.[5]   Plaintiff very much desires that Mr. Goddard be subjected to a barrage of public and media scrutiny, while he receives none.   Plaintiff is an adult, not a child.   Plaintiff voluntarily chose to initiate this lawsuit against Mr. Goddard and brought all of the attention and publicity upon himself; not the other way around.

Now, after having *intentionally* created a firestorm of publicity, Plaintiff claims that he must proceed anonymously because there is a lot of press and media

---

proceed anonymously. (See Declaration of Paul E. Gaspari).

[5] Plaintiff's counsel, Jeffrey Herman, held a media press conference in Los Angeles, California on Monday, May 5, 2014, two days *before* filing this lawsuit against Mr. Goddard and detailed the accusations made by Plaintiff. (Declaration of Paul E. Gaspari, ¶6, Ex. A., and ¶7) A link to the one of the many article's covering the press conference is found at http://www.breitbart.com/Breitbart-California/2014/05/06/Press-Conference-New-Sexual-Assault-Complaint-Against-Bryan-Singer. (*Id.*)  Indeed, one of the very purposes of this press coverage was to find persons who would corroborate Plaintiff's story by accusing Mr. Goddard and Mr. Singer. Plaintiff, in turn, seeks to block any witnesses from coming forward who would refute his story by keeping his name secret, thus causing substantial prejudice to Mr. Goddard. Video of the press conference still remains available for public viewing to this day at https://www.youtube.com/watch?v=NaP336K9feQ. (Declaration of Paul E. Gaspari, ¶7).

coverage about the case.[6]   Beyond that, he proffers no particular evidence that Plaintiff he will suffer any harm, let alone severe harm, if he had to proceed by his true name.   Nor has Plaintiff established that he would actually suffer any kind of retaliation in general, let alone from anyone in specific.   Rather, Plaintiff's self-serving declaration is conclusory and non-specific regarding any particular harm that could adhere.   That is, aside from merely proclaiming that he has general concerns about such things as "harassment" and his "career," he offers no factual support or details corroborating his highly generic and unsubstantiated assertions.[7] Accordingly, Plaintiff has failed to proffer any credible evidence with which to even assess the rick of any threatened harm (let alone severe harm), the reasonableness of his asserted fears or his vulnerability to any actual, threatened retaliation.[8] At its core, Plaintiff's request to proceed anonymously is really just

---

[6] While Plaintiff complains that "...*this* and another case involving Defendant GODDARD have been sensationalized in the print and electronic media," (Doe Decl, ¶8), he intentionally omits mentioning that *he* sensationalized his case by having his counsel hold a press conference. Indeed, his same counsel held not one, but two, press conferences, in the other case referenced in Plaintiff's statement.

[7] This is in stark contrast to cases involving a demonstrable and tangible need for proceeding anonymously. See, e.g., *U.S. v. Doe*, 655 F.2d 920, 922, fn.1 (9th Cir. 1981 (allowing prison inmate to proceed by pseudonym because he "faced a serious risk of bodily harm" if his role as a government witness were disclosed).

[8] The factors that a court considers from the plaintiff's standpoint in deciding whether exceptional circumstances exist to allow a plaintiff to proceed anonymously include: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

based on the fact that he claims to be a victim of sexual misconduct and that this court should, therefore, "rubber stamp" his anonymous designation request – notwithstanding Plaintiff's very intentional and concerted efforts at highly publicizing this case.  However, the law does not so hold.  See, e.g., *Jane Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (alleged victim of "brutal" sexual assault could not proceed anonymously because (1) he chose to initiate the lawsuit, (2) it was a civil action, not a criminal matter, (3) the plaintiff publicly accused a media celebrity of assault and proceeding anonymously is unfair, (4) it would defeat public right of access to court proceedings); *Rose v. Beaumont Independent School Dist.*, 240 F.R.D. 264, 267-26 (E.D. Tex. 2007) (plaintiff claiming childhood sexual molestation by school employee could not proceed anonymously because the accusations negatively impacted the defendants' reputations, it was a civil matter, fairness dictated that the accuser stand publicly behind her accusations, the plaintiff had provided her story to the press and she was an adult at the time of the lawsuit.); *Jane Does 1 and 2 v. Unified School Dist. 331*, (11-1351-KHV) 2013 U.S. Dist. LEXIS 53440 *6-*7 (D. Kan.) (denying plaintiffs' request to proceed anonymously based on allegations of child abuse at school by a teacher when plaintiffs failed to present evidence showing undue detriment, plaintiffs were

---

vulnerability to such retaliation. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

now adults and claimed personal embarrassment was not sufficient); *Jane Doe v. North Carolina Cent. Univ.*, (1:98CV01095) 1999 U.S. Dist. LEXIS 9804 at *5-*12 (M.D.N.C. 1999) (denying alleged sexual assault and rape victim's request to proceed anonymously and rejecting plaintiff's assertion that she would be subjected to embarrassment and shame, finding no concrete threat of retaliation, finding that no children were involved and plaintiff made public accusations); *Jane Doe v. Univ. of Rhode Island*, (93-0560B) 1993 U.S. Dist. LEXIS 19257 at *6-*7 (D.R.I. 1993) (denying sexual assault victim's request to proceed anonymously despite plaintiff's assertion that she would suffer personal harassment and unsubstantiated claim of possible harassment);  *Jane Doe v. Bell Atlantic*, (95-40057-NMG) 162 F.R.D. 418, 422 (D. Mass. 1995) (denying sexual assault victim's request to proceed anonymously finding that plaintiff's claim of embarrassment and her initiation of the civil action required her to accept public scrutiny over the serious allegations she was making). In sum, there is no automatic right to proceed anonymously simply because a person claims to be a victim of sexual misconduct, and the factual circumstances in this case do not come close to justifying it.

The district court's discussion in *Jane Doe v. North Carolina Cent. Univ., supra*, is apropos here:

(T)he Court notes that Plaintiff has made her accusations publicly.  In

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

addition, Plaintiff's attorney has made several statements to the media regarding this case, specifically identifying Moore and leveling charges at NCCU.  If the Court allowed Plaintiff to proceed as 'Jane Doe,' NCCU would be required to defend itself publicly while plaintiff could make her accusations from behind a cloak of anonymity.  It is not appropriate for Plaintiff to use her privacy interests as a shelter from which she can safely hurl these accusations without subjecting herself to public scrutiny.

*Jane Doe v. North Carloina Cent. Univ., supra*, 1999 U.S. Dist. LEXIS 9804 at *11-*12. (internal quotations omitted); *see also Rose, supra*, 240 F.R.D. at 268 (finding it significant that plaintiff had "participat(ed) in an interview as part of the local newspaper's article…help(ing) to promote media coverage of the events" in denying her request to proceed anonymously); *Shakur, supra*, 164 F.R.D. at 361 ("If plaintiff were permitted to prosecute this case anonymously, Shakur would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity.")

Here, Plaintiff, through his counsel, did not just make a few statements to the media, he held a full blown press conference with numerous media outlets in attendance. Moreover, Plaintiff should have known when he filed suit that the

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

bedrock of our legal system is that "lawsuits are public events." *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992).

Furthermore, the prejudice to Mr. Goddard will be substantial if Plaintiff were permitted to proceed anonymously.[9] (Declaration of Paul Gaspari, ¶¶ 2-5). Plaintiff's anonymous designation will severely impair the ability of heretofore unknown witnesses to voluntarily come forward with information relevant to the defense of this case. (*Id.*)   Indeed, in another Herman Law Firm case, filed by Michael Egan against Mr. Goddard, the identification of the plaintiff's name prompted a witness to come forward to provide information that was critical to the filing of a motion to dismiss, which resulted in the voluntary dismissal of the case. (*Id.* at ¶ 4.)  The information gained from that witness was critical to attacking the merits of the case, to refuting the allegations of the plaintiff in that case and to attacking that plaintiff's credibility. (*Id.*)  Additionally, other witnesses have also voluntarily came forward to provide information used by other defendants in filing motions to dismiss against Michael Egan, as a result of the plaintiff's public identification. (*Id.*)

Finally, Plaintiff's citation to two district court cases allowing sexual abuse

---

[9] The court must also consider the prejudice to the defendant in determining whether exceptional circumstances warrant proceeding anonymously. *Does I thru XXIII, supra*, 214 F.3d at 1068.

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

victims to proceed anonymously are inapposite as they both concerned documented severe harm that would adhere if the plaintiff was not permitted to proceed anonymously.  In *Jane Doe v. Huei Lee*, (C 13-04029 LB) 2014 U.S. Dist. LEXIS 20686 (N.D. Cal. 2014), the district court found that the plaintiff had proven that she would suffer severe harm, as the defendant had posted photos and created a false internet profile of the victim encouraging men to seek her out and stalk her and, in fact, the plaintiff had been actually stalked and harassed by multiple individuals before seeking leave to file anonymously.  *Id.* at *2-*4.   In addition, the defendant, who had failed to respond to the complaint and was in default, did not oppose the motion and did not demonstrate any prejudice from permitting the plaintiff to proceed anonymously.  *Id.* at *2, *9.  Plaintiff's generic and conclusory assertions of prejudice do not remotely equate with the tangible and actual harm suffered by the plaintiff in *Huie Lee*.  Moreover, Mr. Goddard has established severe prejudice from this Plaintiff proceeding anonymously, which was absent in *Huie Lee*.

Similarly, in *John Doe 140 v. The Archdiocese of Portland in Oregon*, 249 F.R.D. 358 (D. Or. 2008), the plaintiff established a legitimate concern regarding "open(ing) up the door" on media exposure and proffered medical testimony from a psychologist of both past and future psychological harm that would adhere.  *Id.* at 360.  Here, Plaintiff here cannot claim prejudice through concern about opening

the door to media exposure as he blew the door entirely of its hinges with his media press conference.   Moreover, Plaintiff has not proffered any medical or scientific evidence of any alleged harm that he would suffer.   Finally, the defendant in *Archdiocese of Portland* failed to proffer any evidence of actual prejudice, whereas here, in contrast, Mr. Goddard has made a specific evidentiary showing of prejudice.

Mr. Goddard concludes by noting that during Plaintiff's press conference for this case, Plaintiff's counsel specifically encouraged other persons to come forward. (Gaspari Declaration, ¶6, Ex.A.) Thus, while hoping to encourage unknown persons to level accusations at Mr. Goddard by publicizing his allegations to the entire world, Plaintiff hopes to shield his own credibility from examination by hiding behind his "doe" designation.   Plaintiff cannot have it both ways and his alleged harm rings particularly hollow.

### III. CONCLUSION

For the foregoing reasons, Mr. Goddard respectfully requests that the Court grant its motion and dismiss the Complaint without leave to amend.

Dated:  August 1, 2014                     WEINTRAUB TOBIN CHEDIAK
                                           COLEMAN GRODIN law corporation

                                           By:   /s/ Paul E. Gaspari
                                                 Paul E. Gaspari, Esq.
                                                 Attorneys for Defendant
                                                 GARY GODDARD

**REPLY IN SUPPORT OF DEFENDANT GARY GODDARD'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**